FERDINAND HANAW v. THE JACKSON PATRIOT COMPANY.

*Libel and slander—Words actionable per se—Charge to jury.*

1. The charge of the court that certain statements in the various publications declared upon, and which are set forth in the opinion, are not libelous *per se*, is sustained.

2. It is doubtless within the discretion of the circuit judge to refer in his charge to the testimony, so long as he does not expressly or impliedly voice his opinion upon questions of fact, or give undue prominence to any fact or circumstance.

3. The Court find, on an examination of the charge, that it was exceptionally lucid and comprehensive, and that there is no reason for believing that the jury misunderstood or failed to comprehend the law applicable to the case.

Error to Jackson. (Peck, J) Argued December 15, 1893. Decided January 26, 1894.

Case for libel. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Blair, Wilson & Blair (John Atkinson,* of counsel), for appellant.

*Thomas E. Barkworth (Thomas A. Wilson,* of counsel), for defendant.

HOOKER, J. Plaintiff appeals from a judgment of not guilty, rendered in an action brought by him for libel against the defendant, the publisher of the Jackson Patriot.

The publications complained of grew out of a transaction between the plaintiff and one Stillwell, the traveling agent of a Chicago house, from whom the plaintiff had previously bought some varnish. Being asked to pay for the same, a difficulty arose between himself and Stillwell, which was followed, later in the day, by an assault upon Still-

well by the plaintiff upon the street. The court instructed the jury that—

"The various publications set forth in the plaintiff's declaration contain the following statements, which are libelous *per se*: In the article pleaded in the first count, the statements that the plaintiff was a cowardly assailant, and that the attack upon Stillwell was brutal and unmanly, were each libelous. The article set out in the second count charges the plaintiff with cowardice. That charge is libelous. The article set forth in the third count in substance charges the plaintiff with making an assault on Stillwell by belaboring Stillwell over the head with a heavy horsewhip, and without provocation. This was libelous. The article charged in the fourth count is libelous *per se*, in charging the plaintiff with having attempted to horsewhip a crippled Chicago traveling man, of the name of Stillwell, for light provocation or no provocation at all, and with having sneaked up and taken Stillwell unawares; and also in calling the plaintiff a guilty scoundrel. And, in the article upon which the fifth count is based, the charge that the assault upon Stillwell was brutal and unmanly, and that the plaintiff acted in a cowardly manner, were each libelous."

The court then continued as follows:

"There are no other distinct statements in the various publications declared upon which are libelous *per se*, and no others upon which the plaintiff can rely as a cause of action; but you are at liberty to consider the entire publications declared upon, and read in evidence, for the purpose of explaining the parts which I have referred to, and in affecting the question of damages."

The counsel for the plaintiff assign error upon this, and contend that the articles were libelous *per se* in the following particulars, viz., as to plaintiff's being indebted to the house of which Stillwell was agent, as to Stillwell's going there to collect a bill, and as to plaintiff's having deducted a certain amount from a bill which he was owing, without authority. Plaintiff asserts that these publications imputed dishonesty to him. The words referred to by plaintiff are found in several counts, viz.:

### In the First Count:

"The cause of the trouble was a dispute over $1.25, which Hanaw (said plaintiff meaning), who is connected with the J. W. Hewitt Cart Company, deducted without authority from a bill for varnish rendered by Mr. Stillwell's house. Mr. Stillwell characterized the proceeding as a 'dirty, Jew trick.'"

### In the Second Count:

"Lawyer Hewitt spoke at some length upon what he conceived to be extenuating circumstances. Mr. Stillwell, he said, had angered Mr. Hanaw (said plaintiff meaning) past all forbearance, by characterizing his action in deducting $1.25 from a varnish bill as a 'dirty, Jew trick.'"

### In the Third Count:

"Detroit Journal: Ferd. Hanaw' (said plaintiff meaning), a Jackson carriage builder, owed a Chicago concern a bill, and their traveling man, J. M. Stillwell, went to collect it. Hanaw (said plaintiff meaning) would not pay unless Stillwell knocked off $1.25 for alleged defects in materials, and Stillwell told Hanaw (said plaintiff meaning) it was a 'dirty trick' to try and beat the house. He then went his way."

### In the Fourth Count:

"Grass Lake News: * * * It seems that Hanaw (said plaintiff meaning), without authority, deducted $1.25 from a bill of varnish which Stillwell was endeavoring to collect from the Hewitt Cart Company, who have the first-named party (said plaintiff meaning) in their employ."

### In the Fifth Count:

"Lawyer Hewitt spoke at some length upon what he conceived to be extenuating circumstances. Mr. Stillwell, he said, had angered Mr. Hanaw (said plaintiff meaning) past all forbearance, by characterizing his action in deducting $1.25 from a varnish bill as a 'dirty, Jew trick.' * * * The cause of the trouble was a dispute over $1.25, which Hanaw (said plaintiff meaning), who is connected with the J. W. Hewitt Cart Company, deducted without authority from a bill for varnish rendered by Mr. Stillwell's house. Mr. Stillwell characterized the proceeding as a 'dirty, Jew trick,' which naturally angered Mr. Hanaw (said plaintiff meaning), who took revenge, as above stated,

an hour or two after the stormy interview at the cart works."

It will be observed that each of the publications referred to was stating the cause for the assault, some of them being copied from other papers, and some purporting to be the language of plaintiff's counsel upon the trial of an assault and battery case growing out of the difficulty, wherein the plaintiff was convicted. They are, in every instance, connected with the more important statements concerning the assault, which seems to have been the subject of the publications. They nowhere charge the plaintiff with dishonesty, or assume to determine the question of the justice of Stillwell's claim. In several of them the words are coupled with aggravating language on the part of Stillwell, and taken as a whole, either separately or collectively, they fairly apprise the reader that the assault grew out of a dispute over an alleged indebtedness. We think the judge was right in saying that they were not libelous *per se*.

Error is assigned upon the refusal of the court to give to the jury plaintiff's third, fifth, seventh, and ninth requests to charge. No useful purpose will be subserved by incorporating these requests, and it will be sufficient to say that we think the third, seventh, and ninth were properly refused, while the fifth was covered by the general charge.

Error is assigned upon the following language of the charge:

" The burden of proving justification is upon the defendant. The question, then, for your determination in this regard, accurately stated, is this: Has the defendant shown, by a preponderance of the evidence, that all the libelous statements were true as a matter of fact? It is sufficient for the defendant to justify so much of the defamatory matter as constitutes the sting of the charges. It is unnecessary to refute and justify every word of the libelous matter, so long as the substance of the charges be justified. If you find from the evidence that the substance of the

imputations which I have charged you are libelous have been ·proved true, a slight inaccuracy in one of their details will not prevent the defendant succeeding, providing the inaccuracy in no way alters the conception of the charges, and would have no different effect on the reader of the paper than that which the literal truth would have produced if ·printed. If you find that the truth as shown by the evidence, and the charges which I have instructed you were libelous, are not materially variant, but are substantially the same, and would not produce a different effect on the reader,—that the effect on the reader of the Patriot would be the same, whether the libelous charges were published or whether the literal truth as shown by the evidence had been published, —you should regard in that case the defendant's justification as complete, and the plaintiff cannot recover. But, if you find to the contrary, then the plaintiff is entitled to your verdict for the consequences of all libelous statements which have not been justified."

Plaintiff's counsel assert that this language was too general, and that the judge should have called the jurors' attention to various facts which they allege appeared upon the trial. It is doubtless within the discretion of the circuit judge to refer in his charge to the testimony, so long as he does not expressly or impliedly voice his opinion upon questions of fact, or give undue prominence to any fact or circumstance. We have examined the charge, and find it exceptionally lucid and comprehensive. In our judgment, there is no reason for believing that the jury misunderstood or failed to comprehend the law applicable to the case.

The judgment of the circuit court will be affirmed.

The other Justices concurred.