### HOLTZ v. NATIONAL FURNITURE CO.
### No. 5341.

Court of Appeals of the District of Columbia.

Argued Feb. 4, 1932.

Decided March 7, 1932.

John Murphy, of Washington, D. C., for appellant.

Simon Hirshman, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and GRONER, Associate Justices.

MARTIN, Chief Justice.

Action for libel. Appeal sustaining a demurrer to the declaration and dismissing the case.

Appellant, as plaintiff below, filed a declaration against appellee as defendant claiming damages for libel. The declaration charged that plaintiff had purchased certain articles of furniture from defendant on the installment plan under a warranty of good serviceable condition, that the articles were not in such condition, and the warranty was thereby breached, that a difference concerning the account arose between the parties, and that defendant thereupon maliciously, falsely, and scandalously wrote and sent to plaintiff through the United States mails the following letter, to wit:

"Dear Mrs. Holtz: The writer is very much surprised to note that although you promised to call and see him on August 18th, relative to your account, this has not been done.

"When you promised him that you would call and endeavor to straighten up this account he certainly expected to see you. Inasmuch as you have not called, it is now necessary to advise you that, unless you call at our office not later than Sept. 5th, with a substantial payment, we will be forced to place this account in the hands of our legal department for collection.

"We sincerely trust that you will not force us to take this action.

"Yours very truly,

"National Furniture Co."

And that later defendant maliciously, falsely, and scandalously wrote and published by and through the Western Union Telegraph Company, the following libelous telegram:

"Mrs. Carlotta Holtz, 2721 14 St., NW. Drastic action will be taken unless you visit office immediately.

"National Furniture Company."

Damages were claimed because of these communications, but no special circumstances relating to their natural effect upon the plaintiff were pleaded, nor was any special damage caused by them alleged.

A demurrer to the declaration was filed by defendant upon the ground "that the writings complained of are not libelous per se and no special damages are alleged."

The demurrer was sustained by the court, and, plaintiff electing to stand upon the pleading, the action was dismissed. The plaintiff appeals.

The judgment of the lower court was not erroneous.

A writing concerning a person who is not a trader or merchant, or engaged in an occupation where credit is essential to success, charging that he failed to pay a just debt, is not libelous per se, and a declaration in libel making such an allegation without alleging special damages is demurrable.

"As respects a charge of failure to pay debts, without any imputation of insolvency, it seems to be settled that a writing containing the mere statement that a person who is not a trader or merchant, or engaged in any vocation wherein credit is necessary for the proper and effectual conduct of his business, owes a debt and refuses to pay or owes a debt which is long past due is not libelous per se, and does not render the author or publisher of such statement liable without proof of special damages. Such a statement does not in a legal sense necessarily expose the person of whom it is said to public hatred, contempt, or ridicule, nor does it degrade him in society, lessen him in public esteem, or lower him in the confidence of the community." 17 R. C. L. 299.

This subject is exhaustively treated in Stannard v. Wilcox & Gibbs Sewing Machine Co., 118 Md. 151, 84 A. 335, 42 L. R. A. (N. S.) 515, Ann. Cas. 1914B, 709, the reported syllabus reading in part as follows: "S. was not in business on his own account, but was the local manager of a non-resident corporation; a letter was written to his employers calling attention to the fact that S. had neglected and refused to pay a bill for goods ordered by his wife, for whose payment he was responsible; the statements in regard to him in no way related to the manner of his performance of his duties as manager for his employers or charged him with being unfit for their proper performance; nor did he lose his position because of the letter in question. In a suit brought by him, against the writers of the letter, for libel,

it was not stated or suggested that he had any occasion for the use of credit or that his credit had been in any way impaired or affected. Held that the letter could not be regarded as actionable per se and the declaration was demurrable." Hanaw v. Jackson Patriot Company, 98 Mich. 506, 57 N. W. 734; McDermott v. Union Credit Company, 76 Minn. 84, 78 N. W. 967, 79 N. W. 673; McDonald v. Lee, 246 Pa. 253, 92 A. 135, L. R. A. 1916B, 915; Newell, Slander and Libel (4th Ed.) 34.

The judgment of the lower court is affirmed, with costs.