**COHEN v. MARX JEWELRY CO. et al.**
**No. 6889.**

United States Court of Appeals for the District of Columbia.
Decided July 12, 1937.

---

[1] Elmhurst Cemetery Co. v. Commissioner, 300 U.S. 37, 57 S.Ct. 324, 81 L.Ed. 491, decided February 1, 1937.

James M. Earnest, of Washington, D. C., for appellant.

Simon Hirshman, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and GRONER and STEPHENS, Associate Justices.

MARTIN, Chief Justice.

Appeal from a judgment of the United States District Court for the District of Columbia.

The appellant, Kathleen Carter Cohen, brought an action in the lower court against Marx Jewelry Company and Charles Greeman, appellees, claiming damages because of a libel published as alleged by appellees against her.

The defendants demurred to the declaration for want of substance and the lower court sustained the demurrer. The plaintiff then elected to stand on her declaration, and judgment was entered against her. Whereupon the present appeal was taken.

The allegations of the declaration are in substance as follows: That in May, 1936, the Marx Jewelry Company was engaged in conducting a jewelry store in the city of Washington, D. C., and Charles Greeman was its credit manager; that plaintiff was temporarily residing in the District of Columbia and was employed in the Soil Conservation Service, a branch of the Department of Agriculture; that she was then unmarried, her maiden name was Kathleen Carter, and her legal domicil was in the city of Spartanburg, S. C.; that the alleged libel in question grew out of certain letters regarding a claim of indebtedness set up by the company against plaintiff, which was denied by plaintiff; that the following letters which were sent to the parties therein addressed severally bearing the dates of July 27, 1935, August 2, 1935, and April 25, 1936, preceded a certain letter which contains the alleged libel herein sued upon:

"July 27, 1935

"Simon Hirshman, Esquire, Woodward Building, Washington, D. C.

"Dear Sir: This is to advise you that my bill with the Marx Jewelry Company is not $14.50 but $4.50. I am sure if you call their attention to this error, they will advise you that I am correct. As to the jewelry in question, it was lost several weeks after it was purchased because of a faulty catch on the bracelet. Considering the fact that it would never have been lost if the workmanship on it had been perfect, I am sorry that I ever paid as much on it as I did. I took the watch back shortly after it was purchased because of a faulty catch on the bracelet and they replaced the bracelet. The very day after this replacement, the bracelet broke again and the watch was lost.

"Very truly yours,

"[Signed] Kathleen Carter."

"August 2nd, 1935

"Miss Kathleen Carter, 40 Adams Street, N. W., City.

"Dear Miss Carter: Your letter to Mr. Hirshman was turned over to us for our attention.

"We are sorry to hear that you lost your watch, but as you yourself said, we tried to help you by replacing a faulty bracelet with a new one.

"There is still a balance due on your account $4.50.

"Unless this amount is paid it will be necessary for us to instruct our attorney, Mr. Hirshman, to file suit against you. In this event your contract calls for an additional $10.00 for attorney fees plus any court costs involved.

"We feel that for the sake of this small amount you do not wish to have us file suit. In the event that you cannot pay the entire amount at this time, we will be glad to accept weekly payments. However, unless we

hear from you not later than Wednesday, August 7th, 1935, we will instruct Mr. Hirshman to proceed.

"Yours very truly,

"Marx Jewelry Company

"By ————

"Credit Manager."

"Marx Jewelry Co., Washington, D. C., Att: Credit Mgr.

"Dear Sirs: Enclosed you will find letter which was forwarded to me from Washington. Evidently there is another Kathleen Carter, and I would appreciate it very much if you would take this matter up with the right party. I have never bought anything from your company—in fact I have never been in your store. However, I am employed by the Dept. of Agri. in Washington but am in the Soil Conservation Service which is a branch of the Agricultural Dept.

"I realize that this was an error—but in the future please do not send me the other person's mail.

"Yours truly,

"[Signed] Kathleen Carter.

"147 Mills Avenue, Spartanburg, S. C."

It is further averred in the declaration that on May 19, 1936, the defendants wrote and mailed to the chief clerk of the government department in which plaintiff was employed a letter of which the following is a copy:

"May 19, 1936

"Chief Clerk, Soil Conservation, Department of Agriculture, Spartanburg, S. C.

"Dear Sir: We are taking the liberty of calling to your attention the indebtedness of one of your employees, a Miss Kathleen Carter, and in so doing we are enclosing letters which will prove our claim, by her signatures.

"You will find a copy of our letter to her on August 2nd, her letter to our attorney, Mr. Hirshman, on July 27th, and her recent letter, denying the claim, on April 25th, 1936.

"If you will check the signature on the last letter received and the letter to Mr. Hirshman, you will find they are identical, and we feel that Miss Carter is deliberately evading payment of a just debt. The balance due is still $4.50, and we have received no payment since May 20, 1935, at which time she was employed in the local branch of the Agriculture.

"We will greatly appreciate anything you may do for us in this matter, and ask that you kindly return the enclosed letters for our files. We are enclosing a stamped envelope for this purpose.

"Yours very truly,

"Marx Jewelry Company

"By Chas. Greeman

"Credit Manager."

The plaintiff in her declaration alleged that at the time of the composing and publishing of the preceding letter she was not indebted to the defendant Marx Jewelry Company in any sum whatever; that she did not write the letter of July 27, 1935, to the defendant company in which she denied any liability to defendant; that the letter of August 2, 1935, was not addressed to or meant for the plaintiff and that she did not receive the same; that she is not guilty of any of the acts or matters complained of in said letter of May 19, 1936, and that the statements contained in it were known by defendants to be false, and were uttered maliciously for the purpose of injuring the plaintiff; that by means of the statements made by defendants in the foregoing letter of May 19, 1936, to the chief clerk she was injured in her good name, and brought into public disgrace with and amongst her neighbors and business associates, inasmuch as they were thereby led to believe that plaintiff was a person guilty of dishonest conduct who evaded payment of her just debts by means of falsehoods; for which injuries she claimed damages in the sum of $25,000. The declaration contained no claim for special damages.

We are of the opinion that the judgment of the lower court sustaining the defendants' demurrer and dismissing plaintiff's declaration was erroneous.

It has been frequently held that a writing containing the mere statement that a person who is not a trader or merchant, or engaged in any vocation wherein credit is necessary for the proper and effectual conduct of his business, owes a debt and refuses to pay or owes a debt which is long past due is not libelous per se, and does not render the author or publisher of such statement liable without proof of special damages.

In the case of Holtz v. National Furniture Co., 61 App.D.C. 80, 57 F.(2d) 446, we held according to this rule that a letter was not libelous when written by a merchant to a debtor containing the following statement:

"The writer is very much surprised to note that although you promised to call and

see him on August 18th, relative to your account, this has not been done.

"When you promised him that you would call and endeavor to straighten up this account he certainly expected to see you. Inasmuch as you have not called, it is now necessary to advise you that, unless you call at our office not later than Sept. 5th, with a substantial payment, we will be forced to place this account in the hands of our legal department for collection.

"We sincerely trust that you will not force us to take this action."

In our decision we cited Stannard v. Wilcox & Gibbs Sewing Machine Co., 118 Md. 151, 84 A. 335, 42 L.R.A.(N.S.) 515, Ann.Cas.1914B, 709, in which the reported syllabus reads in part as follows:

"S. was not in business on his own account, but was the local manager of a nonresident corporation; a letter was written to his employers calling attention to the fact that S. had neglected and refused to pay a bill for goods ordered by his wife, for whose payment he was responsible; the statements in regard to him in no way related to the manner of his performance of his duties as manager for his employers or charged him with being unfit for their proper performance; nor did he lose his position because of the letter in question. In a suit brought by him, against the writers of the letter, for libel, it was not stated or suggested that he had any occasion for the use of credit or that his credit had been in any way impaired or affected. Held that the letter could not be regarded as actionable per se and the declaration was demurrable."

There are many other authorities which sustain this principle.

■ In the present case, however, the charge made by the defendants against the plaintiff in the letter which is complained of is not limited to a mere statement of the fact that the plaintiff was indebted to the defendant company and had failed or refused to pay the debt. The letter went further than this and charged that the plaintiff denied the claim, which denial was alleged to be shown to be untrue by a comparison of signatures upon several letters which were inclosed therewith, and that accordingly defendants felt that the plaintiff was deliberately evading the payment of a just debt. This charge goes beyond that which is contained in the Holtz Case, supra, wherein no complaint was made against the debtor except the fact that the debt was overdue and unpaid and that she had failed to keep her promise to call upon the creditor and make payment upon it. In the present case, however, a charge of deliberate deception is made against the plaintiff, that is, that knowing herself to be the actual debtor for the account she was attempting to deny her liability upon the debt by untrue statements and by such means was deliberately attempting to evade the payment of her just debt. The term "evade" is consistent with this interpretation of the defendant's letter; it signifies getting away from by artifice, or, avoiding, often by skill, dexterity, or contrivance. These in our opinion are charges of falsehood and are statements which would hold a person up to scorn and contempt.

This conclusion is sustained by many authorities.

In Bailey v. Holland, 7 App.D.C. 184, 185, we said:

"Any published writing that imputes criminal or dishonest conduct to another, or that tends to disgrace him and bring him into hatred, contempt, or ridicule, is a libel."

In Washington Gas Light Co. v. Lansden, 9 App.D.C. 508, affirmed 172 U.S. 534, 19 S.Ct. 296, 43 L.Ed. 543, we said:

"Any and all publications in writing or in print, imputing to another crime, or disgraceful, or fraudulent, or dishonest conduct, or which are injurious to the private character or credit of another, or which tend to render a party ridiculous or contemptible in the relations of private life, are libellous, and an action for damages is maintainable against the writer and publisher."

In Washington Herald Co. v. Berry, 41 App.D.C. 322, we said:

"Where the charges in a publication tend to bring the plaintiff into contempt, ridicule, or disgrace, they are libelous per se, and it is not necessary that they charge a criminal offense also."

It is stated in 17 R.C.L. 289:

"It is well settled that written words charging a person with being a liar or uttering falsehoods are libelous per se."

And in 36 C.J. 1170:

"Written charges imputing falsehood in direct form, or words implying want of veracity, are libelous per se."

In Riley v. Lee, 88 Ky. 603, 11 S.W. 713, 21 Am.St.Rep. 358, it was held that any written or printed publication which tends to degrade or disgrace the person about whom it is written or printed, or which tends to render him odious, ridiculous, or

contemptible in the estimation of his friends or acquaintances or the public is libelous; and that to publish of a person that he is guilty of falsehood is libelous.

See, also, Nix v. Caldwell, 81 Ky. 293, 50 Am.Rep. 163; Paxton v. Woodward, 31 Mont. 195, 78 P. 215, 107 Am.St.Rep. 416, 3 Ann.Cas. 546; Sheibley v. Huse, 75 Neb. 811, 106 N.W. 1028, 13 Ann.Cas. 376; Colvard v. Black, 110 Ga. 642, 36 S.E. 80; Newell, Slander & Libel (4th Ed.) pp. 8 et seq., and 55 et seq.

The judgment of the lower court is reversed with costs, and the cause is remanded for further proceedings not inconsistent herewith.

Reversed and remanded.