## GOLDSTEIN et al. v. BEHREND et al.

### No. 1511.

Municipal Court of Appeals for the
District of Columbia.

Argued June 28, 1954.

Decided July 28, 1954.

---

702

Herman Miller, Washington, D. C., for appellants.

Josiah Lyman, Washington, D. C., for appellee Ulsfeldt.

Rudolph B. Behrend, Washington, D. C., entered an appearance pro se.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Ulsfeldt was sued by Behrend for unpaid rent for commercial property and an attachment before judgment was levied on Ulsfeldt's personal property stored in the leased premises.[1] Ulsfeldt then moved to release from the attached property his exemptions for mechanics' tools and stock in trade.[2] A few days later Goldstein and Small filed a claim for the attached property, alleging that it was subject to a chattel deed of trust under which they were trustees and that they were entitled to the property free from any claim for exemptions. After a hearing the trial court denied the trustees' claim insofar as the claimed exemptions were concerned and granted the claim for exemptions. The trustees have appealed.

The trustees' claim, as we have said, was denied after a hearing to which they were entitled,[3] but the record contains no account of what occurred at the hearing. In appellant's brief we are told that no testimony was taken but that the court "considered" the inventory of attached property and a photostatic copy of the chattel deed of trust. Appellee's brief asserts that at the hearing certain facts were made clear by "representations of counsel" and were "unquestioningly stipulated." We cannot accept these statements as they have no support in the record. Thus we are asked to hold that an order was erroneous, although the record does not disclose the proceedings which formed the basis for the order. This we cannot do.

Affirmed.