**Edward E. HOLT and Josephine Holt,**
**Appellants,**

**v.**

**BOYLE BROTHERS, Inc., a corporation,**
**trading & doing business as Regal of**
**Washington, Inc., a corporation, Ap-**
**pellee.**

**No. 11785.**

United States Court of Appeals
District of Columbia Circuit.

Argued April 12, 1954.

Decided Nov. 10, 1954.

Appellees Petition for Rehearing
Denied Dec. 6, 1954.

Mr. Earl H. Davis, Washington, D. C.,
for appellants.

Mr. Arthur L. Willcher, Washington,
D. C., with whom Messrs. William R.
Lichtenberg, Joseph Luria, and William
Bogen, Washington, D. C., were on the
brief, for appellee.

Before EDGERTON, PRETTYMAN,
and BAZELON, Circuit Judges.

EDGERTON, Circuit Judge.

The Holts, husband and wife, sued
Boyle Brothers, Inc., herein called Boyle,
for slander, libel and malicious abuse of
process. The District Court directed a
verdict for the defendant and the plain-
tiffs appeal.

The essential facts are undisputed.
Holt is a civilian employee of the Unit-
ed States at the Naval Research Labo-
ratory. Boyle is a corporation engaged
in the retail clothing business. Though
the Holts had never dealt with Boyle and
owed Boyle nothing, Boyle telephoned
Holt at the Laboratory and demanded
payment of an alleged debt. Holt as-
sured Boyle that neither Holt nor his
wife had ever been in Boyle's store.
Notwithstanding this assurance, Boyle
mailed to the civilian personnel officer
of the Laboratory a letter claiming that
Holt owed Boyle $127.75 and that "every
reasonable effort to collect direct has
failed". The personnel officer informed
Holt in a memorandum that the Labo-
atory had been asked to help collect a
debt and that "failure to honor your
just debts may reflect adversely on your
suitability for continued employment

with the Navy. Each of the communications received from your creditors is filed in your personal folder and inevitably serves as part of the total record considered when personnel actions of vital importance to you are taken. * * * If as a result of failure to meet your obligations, evidence is accumulated reflecting upon your suitability for continued employment, your removal may be effected. * * * "

Boyle also mailed to the Holts what the Municipal Court of Appeals has aptly called "a formidable court-like paper" demanding $127.75 and threatening suit. Boyle afterwards falsely told the Holts that Boyle had recovered judgment in the Municipal Court, and threatened garnishment. The Holts then employed an attorney, who found that Boyle had filed a suit in the Municipal Court but had not served the Holts with process. When that suit came on for trial Boyle's attorney said "These are not the defendants that I meant." The Municipal Court thereupon dismissed the suit, with prejudice, for want of prosecution. Though this dismissal was obviously correct, Boyle appealed to the Municipal Court of Appeals. In affirming the judgment of dismissal that court well said:

"We cannot too strongly condemn the type of extra-judicial collection practices which have been resorted to in this case. Reporting to an employer that an employee refuses to pay a just debt is a serious step; reporting it falsely is reprehensible. Frightening a layman with papers deliberately prepared to look like court documents is, to use a mild term, improper. Reporting that one has a court judgment and threatening to enforce it by attachment when no such judgment is in existence is not only an underhanded tactic, but a brazen affront to the dignity of the court involved." Boyle Bros., Inc. v. Holt, 83 A.2d 666, 669.

The District Court relied upon statements this court had made in previous cases to which we presently refer. But in our opinion Edward E. Holt's present claim against Boyle should have been submitted to the jury on the theory of libel, and the claims of both Edward E. and Josephine Holt on the theory of malicious prosecution.

■ To say, as Boyle did in the letter to the personnel officer, that Holt refused to pay a just debt, was plainly defamatory, for this sort of charge "obviously would hurt the plaintiff in the estimation of an important and respectable part of the community". Nothing more is necessary to make written or printed defamation actionable as libel. Peck v. Tribune Co., 214 U.S. 185, 190, 29 S.Ct. 554, 53 L.Ed. 960. Thackrey v. Patterson, 81 U.S.App.D.C. 292, 157 F.2d 614. Statements in Holtz v. National Furniture Co., 61 App.D.C. 80, 57 F.2d 446, and Cohen v. Marx Jewelry Co., 67 App.D.C. 347, 92 F.2d 498, which imply that a charge of failing to pay a just debt is not actionable unless special damage or some other special circumstance is shown, are therefore erroneous.

■ This court said in 1931 that "* * * no action will lie for the recovery of damages sustained by the prosecution of a civil action with malice, and without probable cause, when there has been no arrest of the person or seizure of the property of the defendant, and no special injury sustained, which would not necessarily result in all suits prosecuted to recover for like causes of action." Peckham v. Union Finance Co., 60 App.D.C. 104, 105, 48 F.2d 1016, 1017. But we held in 1945 that one who *twice* sues another maliciously and without probable cause is responsible in damages. We said: "The burden of being compelled to defend successive unconscionable suits is not one which would 'necessarily result in all suits prosecuted to recover for like causes of action.'" Soffos v. Eaton, 80 U.S.App.D.C. 306, 307, 152 F.2d 682, 683. This is equally true of the burden of being compelled to defend an unconscionable appeal.

Reversed.