Paul O. CHATFIELD and Helen O. Chatfield, Appellants,

v.

BILLINGSLEY REALTY CO., Inc., and Gene Castleberry, Appellees.

No. 1728.

Municipal Court of Appeals for the District of Columbia.

Argued Jan. 9, 1956.

Decided Feb. 10, 1956.

Rehearing Denied Feb. 27, 1956.

James B. Goding, Washington, D. C., for appellants.

Louis Urow, Washington, D. C., for appellee Billingsley Realty Co., Inc.

James P. Donovan, Washington, D. C., for appellee Gene Castleberry.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellants, plaintiffs in the trial court, sued defendants for a fraudulent misrep-

resentation in connection with the sale of a house in Bethesda, Maryland. Plaintiffs contended that Castleberry, an agent of the corporate defendant, represented that the property which they contracted to purchase had a two-car garage and a private driveway, whereas in fact the property included only one-half of a double garage and a driveway which was shared by reciprocal easements with the adjoining property owner. The contract was dated June 4, 1954, and transfer of title took place on September 8, 1954. At the taking of depositions, plaintiffs testified that on August 9, 1954, approximately one month before settlement, they ascertained the true facts regarding the driveway and garage but made no attempt to rescind the contract and recapture their deposit. On settlement date notice was served on defendants that plaintiffs were reserving all rights with regard to the alleged misrepresentations. At trial, plaintiffs' counsel objected to the introduction of any testimony concerning plaintiffs' failure to rescind the contract and regain their deposit on the ground that since defendants failed to plead waiver as an affirmative defense in their answer in accordance with Rule 8(c) of the Municipal Court, they were prevented from introducing this evidence at trial. The court allowed this testimony on the theory that it involved the question of damage, which is an essential element of actionable fraud.

Defendant Castleberry testified that he knew the boundary lines of the property when he first talked to plaintiffs; that he had seen the advertisements his employer had placed in the newspaper which did not indicate that a two-car garage went with the property, and denied making any misrepresentation concerning the property. The jury returned a verdict for plaintiffs but the trial court on defendants' motion set aside the verdict and granted a new trial, stating that there was "error in the instructions to the jury with respect to intent as the basis of fraud, and with respect to the measure of damages."

Defendants with leave of the court, there being no objection, then filed amended answers pleading the defense of waiver. Thereafter the corporate defendant filed a motion for summary judgment and upon oral motion Castleberry was permitted to join therein. The motion was heard and granted. Plaintiffs then filed a motion for rehearing and thereafter filed an affidavit, signed by Mrs. Chatfield, alleging unusual circumstances and contending that they did not waive their right to damages by proceeding with the contract after learning of the misrepresentations. After hearing, the trial court overruled the motion and this appeal followed.

Plaintiffs have assigned three errors: (1) The granting of defendants' motion for a new trial; (2) The granting of defendants' motion for summary judgment; and (3) The denial of plaintiffs' motion for rehearing on defendants' motion for summary judgment. They contend that the trial court correctly stated the law on the two points which it later assigned as errors requiring a new trial. We cannot accept this contention. While we have no doubt that the trial court's instruction as to the measure of damages was correct,[1] its instruction with regard to intent as a basis for fraud presents a more troublesome question. However, in viewing the charge as a whole, we are satisfied that certain basic elements of misrepresentation were not adequately covered and therefore the trial judge was correct in granting a new trial.

We turn to plaintiffs' second assignment of error, that the trial court erred in granting defendants' motion for summary judgment. In order to prevail on a motion for summary judgment it must be shown that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Municipal Court. Also, it has been decided that examination to determine the existence of an issue of material fact must be restricted to the plead-

---

1. Horning v. Ferguson, D.C.Mun.App., 52 A.2d 116.

ings, depositions and admissions on file, together with any affidavits.[2] It is also set forth in the rule that opposing affidavits may be filed prior to the hearing on a motion for summary judgment. Here, plaintiffs' affidavit alleging unusual circumstances was not filed prior to the hearing of the motion but two days before the rehearing. However, we are not precluded from considering this affidavit since defendants' counsel offered no objection to its introduction on the date of rehearing and therefore it was properly before the trial court. In determining whether an issue of material fact exists, we note that plaintiffs' complaint alleged a misrepresentation and defendants' amended answers alleged that plaintiffs waived the misrepresentation. Plaintiffs attempted to overcome this affirmative defense by setting forth in their affidavit that in reliance on their contract they had notified their landlord that they would not renew the lease on the premises they then occupied. They claimed this constituted unusual circumstances sufficient to require them to go ahead with the contract and for which rescission provided an inadequate remedy. While we are aware that the formal issues presented by the pleadings are not always controlling, it is apparent here that the pleadings raised a substantial issue of whether there was a waiver. Waiver is ordinarily a question for the trier of the facts.[3] Further, it has been held, and we agree, that where an affirmative defense is pleaded, no reply being necessary by plaintiff, a material issue of fact is presented which precludes summary judgment.[4] In making this statement we do not wish it to be interpreted that it restricts a court's inquiry into supporting affidavits, admissions and depositions. It cannot be a sham defense nor one based on an implausible ground. Here, plaintiffs' facts are not implausible and although they may be of a lesser degree than shown in Horning v. Ferguson, supra, they tend to support the defense that waiver was overcome. Horning v. Ferguson does not establish a minimum or maximum as to what constitutes such unusual circumstances as will overcome the plea of waiver but stands merely for the proposition that unusual circumstances which may preclude rescission as a complete remedy allow a party to complete a contract and to sue for damages. Once it was determined that the issue of waiver was honestly presented, it became a question for the jury to decide and not the court. " ' "The court is not authorized to try the issue, but is to determine whether there is an issue to be tried." ' "[5]

While, of course, we do not attempt to decide the case as to whether a misrepresentation was made or whether there was a waiver or unusual circumstances legally preventing a rescission of the contract, we merely conclude that plaintiffs' affidavit and the inferences which may be drawn therefrom are not so unreal as to lack genuineness and therefore they were entitled to a jury trial on these issues.

For the aforementioned reasons, the judgment will be reversed and the case remanded for a new trial.

Reversed and remanded.

---

2. Sardo v. McGrath, 90 U.S.App.D.C. 195, 196 F.2d 20.

3. Horning v. Ferguson, supra.

4. Brinich v. Reading Co., D.C.Pa.1949, 9 F.R.D. 420.

5. Dewey v. Clark, 86 U.S.App.D.C. 137, 142, 180 F.2d 766, 771.