**Marion TUREK, Appellant,**

v.

**YELLOW CAB CO. OF D. C., Inc., Appellee.**

**No. 1934.**

Municipal Court of Appeals for the
District of Columbia.

Argued April 1, 1957.

Decided May 14, 1957.

John Idomir, Washington, D. C., with
whom Martin R. Martino, Washington, D.
C., was on the brief, for appellant.

Charles Jay Pilzer, Washington, D. C.,
with whom Harvey A. Jacobs and Irving
Weisblatt, Washington, D. C., were on the
brief, for appellee.

Before ROVER, Chief Judge, and
HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

Appellant sued the Yellow Cab Company
for personal injuries sustained due to the al-
leged negligence of one of its drivers in
causing a door of the cab in which she was
a passenger to close on her finger. After
answer was filed, the cab company took the
deposition of appellant and thereafter filed
a motion for summary judgment, supported
by the deposition and an affidavit of the
driver. The motion was granted and this
appeal followed.

Counsel for appellant contend that
the parties stipulated "that the door of the
taxi-cab was slammed either by appellant
or said driver-agent and in no other man-
ner." Appellee denies a stipulation was en-
tered into and the record discloses none.
We must confine our review to the record
before us and we cannot accept supplemen-

tary or contradictory statements in the brief not supported by the record.[1]

This matter having been eliminated from the case, we are concerned only with whether the court erred in granting the motion for summary judgment. The court ruled and counsel for appellant conceded that the doctrine of *res ipsa loquitur* has no application here.

Summary judgment procedure in the trial court is governed by Rule 56 of the Municipal Court Civil Rules and is substantially the same as Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. This judgment is authorized "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." [2]

While the complaint alleged negligence in general terms, appellant disclosed in the deposition that upon arrival at her destination, she opened the right-hand rear door of the cab and in alighting, the door closed on the index finger of her right hand. At the time, she was carrying a package, her purse, and an umbrella. For purposes of clarification and to determine whether there is a factual basis on the issue of negligence, we quote appellant's testimony from the deposition:

"Q. Which side of the cab did you get out of? A. The right side, I think.

"Q. In other words, it is the side opposite the side the driver sits on? A. That's right.

\*   \*   \*   \*   \*   \*

"Q. Who closed the door after you got out of the cab? A. I don't know.

\*   \*   \*   \*   \*   \*

"Q. Did you see the driver of the cab touch the door in any way? A. No.

\*   \*   \*   \*   \*   \*

"Q. Was the car parked on an incline? A. I don't believe so.

\*   \*   \*   \*   \*   \*

"Q. \* \* \* What I want to know is whether there is anything that you know of that the cab driver did or did not do that caused this door to swing shut. A. I don't know of anything that he didn't do.

"Q. Or that he did do? A. Or did do that caused it to shut.

\*   \*   \*   \*   \*   \*

"Q. Do you remember whether he [the driver] made any attempt to close the car door? A. No.

\*   \*   \*   \*   \*   \*

"Q. Did you see anything defective about the door or the cab? A. No.

"Q. Was there anything unusual about the way the door opened or shut? A. Not to my knowledge. I don't remember. I don't know."

In addition to the deposition, appellee filed an affidavit in which the driver stated that appellant closed the door herself; that he did not close it, nor did he do anything to cause it to close. Appellant did not file counter affidavits.

The purpose of the summary judgment rule was not to deprive a litigant of his day in court, but to enable the court to expeditiously dispose of cases where no real factual issue is in dispute.[3] Confronted with a motion for summary judgment, the court is restricted to a determination as to whether there is a factual issue to be tried; it may not decide the effect of the tendered

1. Goldstein v. Behrend, D.C.Mun.App., 106 A.2d 701; Bovello v. Falvey Granite Co., D.C.Mun.App., 71 A.2d 536.

2. Municipal Court Civil Rule 56(c).

3. Sartor v. Arkansas Nat. Gas Corp., 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967; Surkin v. Charteris, 5 Cir., 197 F.2d 77; Smith v. Leventhal, D.C.Mun.App., 97 A.2d 139.

evidence or resolve the factual issues. Since pleadings may set out formal but not genuine issues of fact, affidavits of both parties in conjunction with depositions may be used to pierce the pleadings and show that there is no triable issue.[4]

 The burden of demonstrating the absence of any material issue is upon the moving party and any doubts are to be resolved against the granting of summary judgment.[5] While the pleadings in this case allege general negligence, the deposition of the appellant and the cab company's unopposed affidavit obviously disclose that there is no genuine issue as to any material fact; accordingly, we think the trial court was correct in ruling that there was no evidence which would warrant submitting the question of negligence to a jury.

Affirmed.

---

4. 6 Moore's Federal Practice, § 56.11[1].
5. Dewey v. Clark, 86 U.S.App.D.C. 137, 180 F.2d 766; Messall v. Efron, D.C.

Mun.App., 72 A.2d 694; McConchie v. Realty Associates, Inc., D.C.Mun.App., 54 A.2d 862.