**Benjamin GOLDSTEIN, Appellant,**

v.

**Herbert KENNEDY, t/a Kennedy Upholstering, Appellee.**

No. 2030.

Municipal Court of Appeals for the District of Columbia.

Submitted July 29, 1957.

Decided Aug. 30, 1957.

Herman Miller, Washington, D. C., for appellant.

Harry Levin, Washington, D. C., for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b).

CAYTON, Acting Judge.

In this action for the value of materials and services defendant offered no evidence but stood on a motion to dismiss. The motion was based on the ground that plaintiff had failed to diligently prosecute the action. The trial judge denied the motion "on the ground of excusable delay on the part of Plaintiff" and also on the ground that defendant had been equally dilatory in failing to take a default on his counterclaim against plaintiff.[1] Judgment was entered on the merits for plaintiff and defendant appeals.

The record reveals that defendant had earlier filed a written motion to dismiss which was denied for non-appearance. Defendant then filed a motion to reconsider that ruling and that motion was also denied by another judge "for non-appearance of movant". A few days later the motion was again heard by a third judge and denied. It was the same motion to dismiss, renewed orally at trial, which the trial judge denied and which is the subject of this appeal.

It has repeatedly been held that rulings on motions to dismiss for want of diligent prosecution are in the realm of discretion and will not be disturbed unless abuse of such discretion is shown. Slater v. Cannon, D.C.Mun.App., 93 A.2d 92, and cases there cited.

Another rule, also well established, casts on every appellant the burden to affirma-

---

1. The suit was filed May 20, 1953; defendant's answer and counterclaim were filed June 5, 1953; answer to counter- claim was filed January 28, 1957; and the motion to dismiss was filed the next day.

tively establish error. Reynolds v. Korman, D.C.Mun.App., 96 A.2d 362. It is clear that appellant has failed to discharge such burden. He says there was error in the refusal to dismiss the suit. But in the record he has brought up there is no basis, evidentiary or otherwise, for holding that the trial judge should have ruled differently. We have only the ruling, and appellant's contention that it was wrong. "Thus we are asked to hold that an order was erroneous, although the record does not disclose the proceedings which formed the basis for the order. This we cannot do." Goldstein v. Behrend, D.C.Mun.App., 106 A.2d 701, 702.

Affirmed.