Samuel BLYTHER and Lillie M. Blyther, Appellants,

v.

The PENTAGON FEDERAL CREDIT UNION, Appellee.

No. 2993.

Municipal Court of Appeals for the District of Columbia.

Argued May 28, 1962.

Decided July 12, 1962.

---

6. Manual Enterprises v. Day, 370 U.S. 478, 82 S.Ct. 1432, 8 L.Ed.2d 639.

Samuel Blyther, pro se.

John Jude O'Donnell, Washington, D. C., with whom Thomas H. McGrail, Washington, D. C., was on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

Appellee Credit Union sought to recover balances due on two promissory notes, together with interest and attorney's fees. One note had been jointly executed by appellants (husband and wife) and the other by the husband individually. Appellants' answer asserted there had been a novation of said notes. In addition the husband filed a counterclaim for damages for libel as the result of a letter written to his employer by appellee regarding the debts. From summary judgments in favor of the Credit Union entered on both the complaint and the husband's counterclaim, Mr. and Mrs. Blyther appeal.

We have examined the pleadings, affidavits and the deposition of the husband

and are convinced the summary judgments were properly granted. It is well settled that if the pleadings, affidavits and depositions show there is no genuine issue of any material fact, then the movant is entitled to summary judgment as a matter of law.[1]

Appellants admit owing the balances due on the loans received from appellee but contend a novation occurred. They misconceive, however, the legal basis for a novation.

▮ A novation is the substitution by mutual agreement of a new debt or obligation for an existing one, which is thereby extinguished. The essentials are: (1) a previous valid debt; (2) extinguishment of the old contract; (3) agreement of all parties to a new contract; and (4) validity of a new one. Appellants' pleadings, the husband's deposition, and the documentary exhibits fall short of meeting these requirements.

▮ In his deposition the husband admits owing the balances set forth in the complaint but attempts to equate with a novation a proposal he made, never accepted by the Credit Union, for a modification of the monthly payment on his individual note only.[2] The record, which has been carefully evalued, fails to show any mutual intent by all the parties to substitute a new obligation in place of the old ones[3] or a discharge of the two prior loans[4] and a release from further legal responsibility therefor. Absent any facts to support appellants' claim of a true novation, summary judgment in favor of appellee was properly granted on the complaint.

An examination of the letter dated October 21, 1960, addressed by appellee to the husband's employer, which forms the basis of his counterclaim for libel, discloses that the first two paragraphs thereof merely enumerate the loans granted Mr. Blyther, his payments to date, and the balances in arrears. The last paragraph reads:

"Several attempts have been made to effect collection of this obligation without satisfactory results. It is not our purpose to use your office as a collection agency, but we do believe that advise [sic] to him from you, with a request that he contact this office immediately, will result in an amicable settlement."

▮ We find nothing in this letter to indicate any valid grounds for an action of libel against appellee.[5] It merely reports an existing overdue indebtedness on two notes, admittedly correct as to the amounts then due; it contains no language imputing criminal, fraudulent or dishonest conduct to appellant, or language tending to render him ridiculous or contemptible, or to bring him into disgrace and hatred.[6] Nor does the husband's deposition show that his credit had been impaired or his employment affected. Summary judgment upon the counterclaim was, therefore, properly granted.

Affirmed.

1. Municipal Court Civil Rule 56(c); White v. Luber, D.C.Mun.App., 144 A.2d 774.

2. Parkside Realty Co. v. MacDonald, 166 Cal. 426, 137 P. 21, 23.

3. Hodiamont Bank v. Livingstone, 8th Cir., 35 F.2d 18, 20; Gannon v. Bronston, 246 Ky. 612, 55 S.W.2d 358, 86 A.L.R. 324; Rietz v. Hovden Food Products Corp., 49 Cal.App.2d 376, 121 P.2d 775.

4. Continental Casualty Co. v. Clarence L. Boyd Co., 10th Cir., 140 F.2d 115; Crook v. Zorn, 5th Cir., 95 F.2d 782.

5. Despite the supposedly libelous contents of appellee's letter, Mr. Blyther wrote to appellee's Credit Committee on November 28, 1960, offering a proposal to enable him "to continue and complete" his loans, seeking leniency in the repayment of his personal note as well as an additional loan for car repairs.

6. Holtz v. National Furniture Co., 61 App. D.C. 80, 81, 57 F.2d 446.