**DRUG FAIR COMMUNITY DRUG CO.,**
Inc., a corporation,
and
**Drug Fair of D. C., Inc., a corporation,**
Appellants,

v.

**Sheldon MAGAZINE and Samuel Magazine,**
Appellees.

No. 4754.

District of Columbia Court of Appeals.

Argued Oct. 13, 1969.

Decided Dec. 18, 1969.

Nathan L. Silberberg, Washington, D. C., with whom Howard B. Silberberg, Washington D. C., was on the brief, for appellants.

Mark P. Friedlander, Washington, D. C., with whom William R. Lichtenberg, Washington, D. C., was on the brief, for appellees. Joseph Luria, Washington, D. C., also entered an appearance for appellees.

Before HOOD, Chief Judge, and FICKLING and NEBEKER, Associate Judges.

FICKLING, Associate Judge.

This is an action for arrearages in rent. Appellees were the landlords of a multiple story building. They leased a portion of the premises to the appellant Drug Fair of D. C., Inc.,[1] for 10 years. Appellant Drug

---

1. E & G, Inc., was the lessee named in the lease. That corporation merged with G & E Drug Co., Inc., and the latter then changed its name to Drug Fair of D. C., Inc.

Fair Community Drug Co., Inc., was the guarantor under the lease. Approximately a year and a half after the original agreement, Drug·Fair of D. C., Inc., assigned all its rights and obligations to S & T, Inc., the third party defendant below. The original lease was silent as to an assignment, and when the appellees learned of it several weeks later they informed the appellants that they had no objection to the assignment *provided* that the original parties to the lease remained obligated for rent thereunder. The appellants, by letter to appellees, disclaimed their liability. S & T, Inc., occupied the premises and paid rent thereon for approximately 5 years and then vacated and defaulted in payment. The appellees then filed this suit against appellants after they refused to pay the rent due. Appellants answered and alleged that a novation had occurred between the assignee and appellees. Appellees were granted summary judgment.

The only issue is whether or not the granting of appellees' motion was error. We hold that it was not and we affirm.

Appellants argue that the granting of summary judgment was error because

[n]ovation is an affirmative defense. 2A Moore's Federal Practice 1860; Kuhn vs. Pacific Mutual etc. (USDCNY, 1941), 37 F.Supp. 102. [And this court has] stated in Chatfield vs. Billingsley (1956), [D.C.Mun.App.] 120 A.2d 406, [that] " * * * it has been held, and we agree, that where an affirmative defense is pleaded, no reply being necessary by Plaintiff, a material issue of fact is presented which precludes summary judgment." [Appellant's brief, p. 3.]

Appellants' argument is correct but incomplete. This court in *Chatfield* also said that

[i]n making this statement [quoted above] we no not wish it to be interpreted that it restricts a court's inquiry into supporting affidavits, admissions and depositions. It cannot be a sham defense nor one based on an implausible ground.[2]

In a more recent case, Yates v. District Credit Clothing, Inc., D.C.App., 241 A.2d 596 (1968), we pointed out that summary judgment is proper not only where the issues raised are shown in the supporting documents to be sham but also where they are frivolous or so unsubstantial that it would be futile to try them. Although the assertion of an affirmative defense raises an issue of fact, the issue may merely be formal without being genuine and "formalism is not a substitute for the necessity of a real or genuine issue."[3] In considering a motion for summary judgment, the court is not bound by the pleadings but may pierce them and find that there is no triable issue[4] as the trial judge did here.

For there to be a novation, there must be present four indispensable elements: (1) there must be a previous valid debt; (2) there must be extinguishment of the old contract; (3) there must be agreement by all parties to the new contract; and (4) validity of the new contract.[5] The documents filed in support of and in opposition to the motion show without the slightest doubt that all these elements were not present. The appellees, by letter sent to the assignee and appellants, expressly stated that they had no objection to the assignment *provided* that the appellants remained liable on the original lease agree-

2. 120 A.2d at 408.

3. Dewey v. Clark, 86 U.S.App.D.C. 137, at 143, 180 F.2d 766, at 772 (1950). Our local rules recognize this distinction and provide in pertinent part that "an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or * * * otherwise * * * must set forth specific facts showing that there is a genuine issue for trial." GS Rule 56(e).

4. Turek v. Yellow Cab Co. of D. C., Inc., D.C.Mun.App., 131 A.2d 923 (1957).

5. Blyther v. Pentagon Federal Credit Union, D.C.Mun.App., 182 A.2d 892 (1962).

ment. The attempted disclaimer of liability by the appellants was of no legal effect. It certainly cast no duty on the appellees to reiterate their claim to appellants in order to preserve it. Moreover, that appellees maintained their intention, after receiving the purported disclaimer, not to release appellants from their obligation is clearly shown by appellees' subsequent letter to the assignee in which they again stated that they accepted the assignment but preserved their ultimate rights against appellants.

■ The law is well summarized in 66 C.J.S. Novation § 18f(2) (1950):

> In case of an assignment of a lease, a novation is effected where, in pursuance of an agreement, the landlord accepts the new tenant and *releases the old.* However, in order to effect a substitution of tenants, there must have been a *mutual agreement by the three parties involved,* and, in the *absence of the assent of* either *the landlord* or the new tenant, a *novation cannot result.* An intent on the part of the landlord to release his tenant will not be established by the mere fact that he has been notified of the assignment of the lease, and subsequently accepts rent from the new tenant. [Footnotes omitted; emphasis supplied.]

Here, the appellees accepted the new tenant *under the assignment* and specifically and expressly did not release the old. There was no mutual agreement and, in the absence of assent by appellees, no novation can result. Appellees' intention was clear and *undisputed,* and notification of the assignment and subsequent performance of obligations under the assigned lease by both the assignee and the appellees were not inconsistent with that intention.

We have examined the record carefully and find the trial court's ruling to be correct.

Affirmed.