**DISTRICT OF COLUMBIA,**
Petitioner,

v.

**RADIO CORPORATION OF AMERICA,.**
Respondent.
No. 12927.

United States Court of Appeals
District of Columbia Circuit.
Argued March 27, 1956.
Decided April 5, 1956.

Mr. Henry E. Wixon, Asst. Corp. Counsel for the District of Columbia, with whom Messrs. Vernon E. West,

Corp. Counsel, Chester H. Gray, Principal Asst. Corp. Counsel, and George C. Updegraff, Asst. Corp. Counsel, were on the brief, for petitioner.

Mr. Loftus E. Becker, New York City, for respondent. Messrs. Robert G. Zeller and John A. Gilmore, New York City, were on the brief for respondent. Mr. James E. Greeley, Washington, D. C., also entered an appearance for respondent.

Before WILBUR K. MILLER, BAZELON and DANAHER, Circuit Judges.

WILBUR K. MILLER, Circuit Judge.

The question in this case is whether the District of Columbia must refund certain franchise taxes paid under protest by the Radio Corporation of America.

The Income and Franchise Tax Act of 1947, as amended, § 47–1551 et seq., D.C. Code 1951, imposes a franchise tax upon every corporation and unincorporated business "for the privilege of carrying on or engaging in any trade or business within the District and of receiving such other income as is derived from sources within the District * * *." The measure of the tax is that portion of the corporation's net income "as is fairly attributable to any trade or business carried on or engaged in within the District and such other net income as is derived from sources within the District * * *." § 47–1580. It is provided by § 47–1580a: "* * * Where the net income of a corporation or unincorporated business is derived from sources both within and without the District, the portion thereof subject to tax under this article shall be determined under regulation or regulations prescribed by the Commissioners. * * *"

August 31, 1948, the Commissioners of the District promulgated regulations pursuant to the statutory authority quoted above, which include the following:

Sec. 10–2(d). "* * * If the trade or business is carried on partly within and partly without the District, that portion of the gross income from trade or business to be apportioned to the District shall be determined as follows:"

Sec. 10–2(d) (1)a. "Where gross income for any taxable year is derived from the manufacture and sale or purchase and sale of tangible personal property, the portion thereof to be apportioned to the District shall be such percentage of the total of such gross income as the District sales made during such taxable year bear to the total sales made everywhere during such taxable year. For the purpose of this regulation the phrase 'District sales' shall mean the gross receipts from all sales made which were principally secured, negotiated, or effected by owners, employees, agents, officers and branches of the corporation or unincorporated business *located* in the District; and the phrase 'total sales' shall mean the gross receipts from all sales." [Emphasis supplied.]

It was also provided that "these regulations shall apply to the taxable year or part thereof beginning on the first day of January, 1948, and to succeeding taxable years."

RCA seasonably filed with the Assessor of the District franchise tax returns for the calendar years 1949, 1950 and 1951 and paid the taxes disclosed thereby. The returns were prepared in accordance with the allocation provisions of the 1948 regulations.

March 17, 1953, the Commissioners amended § 10–2(d) (1)a of the 1948 regulations by eliminating therefrom the word "located" which we have italicized above. August 6, 1953, the section was further amended to read in pertinent part as follows:

"* * * If the trade or business is carried on partly within and partly without the District, that portion of the net income from trade or business to be apportioned to the District shall be determined as follows:

"(1) Income from sales of tangible personal property.

"a. Where income for any taxable year is derived from the manufacture and sale or purchase and sale of tangible personal property, the portion thereof to be apportioned to the District shall be such percentage of the total of such income as the District sales made during such taxable year bear to the total sales made everywhere during such taxable year. * * * For the purpose of this regulation, the phrase 'District sales' shall mean all sales to District customers the income from which is fairly attributable to the trade or business carried on or engaged in within the District, including solicitation in the District by salesmen or other representatives of the taxpayer, that portion of sales to customers outside the District the income from which is fairly attributable to the trade or business carried on in the District, and sales of tangible personal property the income from which is from District sources."

It was also provided that the regulations as amended August 6, 1953, "shall apply to the taxable year or part thereof beginning on the first day of January, 1948, and to succeeding taxable years."

It will be observed that the August, 1953, amendment substantially broadens the basis upon which income attributable to sales in the District must be allocated to the District.

Conceiving that the regulations as amended in 1953 should govern the computation of the respondent's franchise taxes for the years 1949, 1950 and 1951, the Assessor of the District on September 21, 1954, calculated thereunder and assessed against RCA deficiencies in franchise taxes for the three years in question aggregating $112,653.50 plus interest in the sum of $23,424.87. The additional taxes and interest demanded were paid under protest by the respondent October 5, 1954, and on December 17, 1954, RCA filed this proceeding in the District of Columbia Tax Court for the refund of the sums so paid, with the exception of a small amount which it conceded to be due under the 1948 regulations. The Tax Court decided in favor of the taxpayer and this petition for review was filed by the District.

The District insists that the 1948 regulations were wholly invalid and that consequently the 1953 regulations were the only ones which could be applied under the statute. In Lever Bros. Co. v. District of Columbia, 1953, 92 U.S.App.D.C. 147, 204 F.2d 39, we considered and held valid the apportionment formula contained in § 10–2(d)(1)a of the 1948 regulations. We adhere to that holding. The 1953 amendment does not operate retroactively. The respondent's franchise tax liability for the years 1949, 1950 and 1951 should have been determined, as the Tax Court held, under the regulations then in force. Helvering v. R. J. Reynolds Tobacco Co., 1939, 306 U.S. 110, 59 S.Ct. 423, 83 L. Ed. 536.

Affirmed.