**DISTRICT OF COLUMBIA, Petitioner,**
v.
**GALLANT INCORPORATED,**
**Respondent.**

**GALLANT INCORPORATED,**
**Petitioner,**
v.
**DISTRICT OF COLUMBIA, Respondent.**
**Nos. 15882, 15884.**

United States Court of Appeals
District of Columbia Circuit.

Argued Feb. 8, 1961.

Decided May 4, 1961.

**746**

Mr. Henry E. Wixon, Asst. Corp. Counsel, for the District of Columbia, with whom Messrs. Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Harrison S. Howes, Asst. Corp. Counsel, were on the brief, for petitioner in No. 15,882 and respondent in No. 15,884.

Mr. John F. Creed, Washington, D. C., with whom Messrs. Walter A. Slowinski, Washington, D. C., and Thomas M. Haderlein, Chicago, Ill., were on the brief, for respondent in No. 15,882 and petitioner in No. 15,884.

Before EDGERTON, FAHY and WASHINGTON, Circuit Judges.

WASHINGTON, Circuit Judge.

This is a tax case, arising under the District of Columbia Income and Franchise Tax Act of 1947, as amended, D.C. Code §§ 47–1551 et seq. (1951). Both parties have petitioned for review of a decision of the Tax Court of the District of Columbia, ordering a refund of part of the District franchise tax assessed and collected from Gallant Incorporated for the year 1956. Gallant, a corporation organized under the laws of the District of Columbia and having its principal offices here, carries on its business of purchasing and selling tangible personal property partly within and partly without the District. The case presents the recurrent problem of apportioning that part of a company's net income to the District which is "fairly attributable" to the business carried on in the District. See D.C.Code § 47–1580 (1951).

The tax regulations issued by the Commissioners of the District, as amended on August 6, 1953, were those which were in effect for the year 1956. The Tax Court, however, did not determine the amount to be apportioned to the District under the August 1953 regulations but instead made its determination under the Commissioners' March 1953 regulations. The Tax Court took the view that the August 6, 1953, apportionment regulations are invalid, in that they "in reality prescribe no formula for determining what portion of the taxpayer's income from sales of tangible personal property is 'fairly attributable' to trade or business in the District."

We think the Tax Court was clearly wrong in applying the old regulation. Section 1–1 of the August 1953 regulations provided that prior regulations are "hereby rescinded," except for certain purposes in relation to the years to which they were applicable (an exception not relevant here). We have held that the August 6, 1953, regulations cannot be applied retroactively to prior periods, if there was a valid regulation in effect during such period.[1] But this case involves the year 1956, subsequent to promulgation of the August 6, 1953, amended regulations. The only regulation in effect in that year was the August 6, 1953, regulation, not those applicable to prior years which had been "rescinded."

We further disagree with the Tax Court's holding that Section 10–2(d)(1)a of the August 6, 1953, regulations is invalid. The part thereof reading—

"Where income for any taxable year is derived from the manufacture and sale or purchase and sale of tangible personal property, the portion thereof to be apportioned to the District shall be such percentage of the total of such income as the District sales made during such taxable year bear to the total sales made everywhere during such taxable year."

was considered in Smoot Sand & Gravel Corp. v. District of Columbia, 1958, 104 U.S.App.D.C. 292, 261 F.2d 758, and was

1. District of Columbia v. Radio Corp. of America, 98 U.S.App.D.C. 119, 232 F.2d 376, certiorari denied, 1956, 352 U.S. 845, 77 S.Ct. 44, 1 L.Ed.2d 51; District of Columbia v. Southern Railway Co, 1960, 107 U.S.App.D.C. 285, 277 F.2d 84.

upheld as valid. See also District of Columbia v. Southern Railway Co., 1960, 107 U.S.App.D.C. 285, 277 F.2d 84. The part reading—

> "For the purpose of this regulation, the phrase 'District sales' shall mean all sales to District customers the income from which is fairly attributable to the trade or business carried on or engaged in within the District, including solicitation in the District by salesmen or other representatives of the taxpayer, that portion of sales to customers outside the District the income from which is fairly attributable to the trade or business carried on in the District, and sales of tangible personal property the income from which is from District sources."

was not involved in Smoot. But see District of Columbia v. Evening Star Newspaper Co., 1959, 106 U.S.App.D.C. 360, 273 F.2d 95, where by inference at least this provision of the regulations seems to have been approved.[2]

The definition of "District sales" in the regulation quoted above incorporates the language of the statute, that is, it counts as District sales those sales producing income which is fairly attributable to business carried on in the District or which is from District sources. So far as it goes, the regulation is in accord with the statute and cannot be said to be invalid. The difficulty, if any, is in what it fails to provide.

■ Section 47–1580a of the District of Columbia Code states:

> "Where the net income of a corporation or unincorporated business is derived from sources both within and without the District, the portion thereof subject to tax under this

article shall be determined under regulation or regulations prescribed by the Commissioners. The Assessor is authorized to employ any *formula* or formulas provided in any regulation or regulations prescribed by the Commissioners under this article which, in his opinion, should be applied in order to properly determine the net income of any corporation or unincorporated business subject to tax under this article." (Emphasis added.)

It is plain that the Commissioners have failed to provide a "formula," as the term is ordinarily understood, in the regulation. But it does not follow that because of this a taxpayer will not be subject to tax on the income which is fairly attributable to the District. The statute itself imposes the tax on such income and there is no provision exempting such income from tax if no formula is provided in the regulations. There is indeed no provision expressly requiring the Commissioners to prescribe a formula for determining income attributable to the District. We do not read Section 47–1580a as prohibiting the Assessor from employing any formula at all for attributing income to the District, where the regulations do not contain a formula, since under Section 47–1586 of the Code the Assessor has the duty to "examine" the return filed by the taxpayer and to "determine the correct amount of tax." It seems clear from the statutory provisions considered as a whole that the Assessor is vested with discretion to select the most appropriate formula from among those set out in the regulations. Where no appropriate formula appears in the regulations, we think he has authority to devise one which in his judgment will properly de-

---

2. Between the two passages quoted from Section 10–2(d) (1)a of the regulations is a sentence reading:
"Every corporation and unincorporated business which carries on or engages in business in the District within the meaning of the words 'trade or business' as defined in the Act is, unless specifically exempted by some provision of the Act, subject to tax."
This sentence, which does not appear to have been expressly considered in any of our opinions, seems irrelevant to the present case.

termine the net income subject to tax and the correct amount of the tax. His determination is of course subject to review in the courts. Any other view would permit income which Congress has said shall be subject to District franchise tax to escape initial assessment and later review, simply because the Commissioners have failed in their implied—though not express—duty to adopt a formula.

■ However, irrespective of the authority of the Assessor, the Tax Court itself cannot be precluded, for lack of a regulatory formula, from determining the income which is fairly apportionable to the District. Cf. McCeney v. District of Columbia, 1956, 97 U.S.App.D.C. 282, 230 F.2d 832. The Tax Court is, under Section 47–2403, to hear and determine "all questions arising" on the appeal—here the question of what income is fairly attributable to the District—and it may "reduce, or increase" the assessment as required under its determination of such questions.[3]

The case is remanded to the Tax Court for further proceedings not inconsistent with this opinion. The Tax Court is directed to determine the amount of the income which is fairly attributable to the District by applying the August 6, 1953, regulations,[4] including if necessary the use of such formula or formulae as the Tax Court deems best suited for determination of that question in this case. The District's contention that all of Gallant's income from sales of personal property to the United States is subject to District tax will of course also be considered and resolved by the Tax Court.

So ordered.

---

3. Section 47–2403 concludes by saying that the Tax Court "may affirm, cancel, reduce, or increase such assessment," i. e., the assessment appealed from.

4. If a valid and pertinent regulation is promulgated by the Commissioners, the Tax Court must obey it and properly apply it. See Lever Bros. Co. v. District of Columbia, 1953, 92 U.S.App.D.C. 147, 153, 204 F.2d 39, 45. In that case we remanded to the Tax Court "for proper application of the regulation." We declined to attempt to apply the regulation ourselves, saying that this was for the Tax Court "in the first instance." Id. footnote 38.