**DISTRICT OF COLUMBIA, Petitioner,**

v.

**GALLANT INCORPORATED,**
**Respondent.**
**No. 16738.**

United States Court of Appeals District of Columbia Circuit.

Argued May 14, 1962.

Decided June 28, 1962.

Mr. Henry E. Wixon, Asst. Corp. Counsel for the District of Columbia, with whom Messrs. Chester H. Gray, Corp. Counsel, Milton D. Korman, Prin. Asst. Corp. Counsel, and Harrison S. Howes, Asst. Corp. Counsel, were on the brief, for petitioner.

Mr. Thomas M. Haderlein, Washington, D. C., with whom Mr. Walter A. Slowinski, Washington, D. C., was on the brief, for respondent.

Before EDGERTON, FAHY and WASHINGTON, Circuit Judges.

PER CURIAM.

This is the second appeal in this case, which involves the respondent's liability for the year 1956 under the District of Columbia Income and Franchise Tax Act of 1947, as amended, D.C.Code § 47–1551 et seq. (1961). The respondent, a corporation having its principal place of business in the District, is engaged in the purchase and sale of tangible personal property partly within and partly without the District. The case is principally concerned with the proper method of apportioning to the District that part of the respondent's net income for 1956 which is "fairly attributable" to the business carried on in the District. See D.C. Code § 47–1580 (1961).

Upon the first appeal of the case, see 110 U.S.App.D.C. 202, 290 F.2d 745, we held the applicable regulation to be Section 10.2–(c) (1) (a) [1] of the August 6, 1953, regulations, providing for apportionment of net income to the District in the ratio that District sales bore to total sales during the year. We upheld its validity so far as it went, but recognized that it failed to provide any usable formula to determine which sales are to be deemed District sales. We remanded the case to the Tax Court to determine the amount of income fairly attributable to the District, permitting the use of such formula or formulae as the Tax Court deemed best suited for determination of that question. Upon motion of the District, we stayed transmission of the opinion and judgment pending issuance by the Commissioners of new regulations or formulae, but expressly reserved opinion as to the applicability or validity of any future regulation or formula which the Commissioners might promulgate.

The Commissioners issued an order on July 14, 1961, in terms amending Section 10.2–(c) of the August 6, 1953, regulations and providing that the amendments shall be applicable to any case in which the tax liability has not been finally determined.

Upon remand, the Tax Court held that the 1961 amendments were not retroactively applicable to determine Gallant's tax liability for 1956; it declared that these amendments, although not applicable, were invalid in some respects; it held that a formula using only a sales factor must be employed under the August 6, 1953, regulation, and ruled that sales principally secured, negotiated or effected in the District are to be deemed District sales, stating that this formula or test is intrinsically the best suited for the purpose of determining District sales,[2] and it rejected the District's contention that Gallant's income from sales of personal property to the United States is not apportionable and that all of it is subject under the statute to District tax.

We affirm the Tax Court's decision as reaching a fair and just result in this case. In doing so, however, we note that we do not necessarily approve all of the Tax Court's reasoning. We do approve the Tax Court's disposition (and the discussion in its opinion) of the questions raised in regard to Gallant's sales of personal property to the United States,[3]

1. There referred to, in accord with the record then before us, as Section 10–2(d) (1)a. The regulation has apparently been renumbered.

2. The Tax Court stated, however, that it believed a formula making use of three factors—property, payroll, and sales— would be more suitable, and fairer to the District.

3. We agree with the Tax Court's holding that under the Income and Franchise Tax Act of 1947, as amended, sales of tangible personal property to the United States by a corporation having its principal place of business in the District are apportionable on the same basis as sales of like property to private customers. Moreover, as the Tax Court pointed out, the District's contention that all of Gallant's sales to the United States are subject to tax and are not apportionable is opposed to the interpretation of the statute and rule set out in the District's own regulations. See Section 10.2–(c) (1) (c) of the August 6, 1953, regulations, and cf. Section 10.2–(c) (1) of the July 14, 1961, amendments, not applicable here. Before us, the District has unaccountably ignored

and we approve its conclusion that the July 14, 1961, amendments to the regulations cannot fairly be applied under all the circumstances of this case to Gallant's tax liability for 1956. We express no opinion as to whether the 1961 amendments are valid or whether they may in other cases or circumstances be applied retroactively. While we think that in this case District sales were fairly determined by reference to the locale where a particular sale was secured, negotiated, or effected, we do not believe that in every case this is the only possible test, or necessarily the best test; in other cases, other factors may be equally, or even more, relevant.

Affirmed.

this regulation, has not cited it, and has made no contention that it is invalid.

We think that it is in accord with the statute and is controlling.