OPINION OF THE COURT
NYGAARD, Circuit Judge.
Appellants, Abbas Ali and Mantón Gibbs, sought an order granting them summary judgment on the basis of sover *37 eign immunity. The District Court suggested that Ah and Gibbs, both employees of Indiana University of Pennsylvania (IUP), failed to demonstrate that they were acting within the scope of their employment when they made several allegedly defamatory statements, and therefore were not entitled to immunity. See 1 Pa Cons.Stat. Ann. § 2310. Because were are unable to determine precisely the basis for the District Court’s opinion, we are concomitantly unable to ascertain whether we have appellate jurisdiction. Thus, we will vacate the District Court’s opinion and remand the cause for the District Court to reconsider Ali and Gibbs’ motion for summary judgment.
Ah and Gibbs, both professors at IUP, acted as coordinators for a business globalization conference. IUP was the primary sponsor of this conference. Although numerous organizations helped sponsor the conference, two are of primary importance: the American Society for Competitiveness (ASC) and the International Society for Competitiveness (ISC). Both of these organizations are associated with IUP. In addition to his full professorship at IUP, Ah served as an incorporator of ISC and ASC, Executive Director of ISC, and as Assistant Director of ASC. Gibbs, also a full professor at IUP, served as an incorporator of ISC, Treasurer of ISC, and Associate Executive Director of ASC. At the conference, Ah served as Program Chairman and Gibbs was the Program/Conference Coordinator.
Ah and Gibbs claim that following the conference, questions arose regarding the manner in which Appellee, Tareq Ismael, handled conference funds. Ah and Gibbs authored a series of letters addressed first to Ismael and then to his employers at the University of Calgary, alleging that Ismael mishandled conference funds. All of the letters were written on either ASC or ISC letterhead. The letters were signed by IUP/Commonwealth employees. The last four were signed by Gibbs, one as “Conference Coordinator,” two as “Professor and Conference Coordinator,” and one as “Conference Coordinator, American Society for Competitiveness.” Ismael claims that these letters were defamatory.
Ismael filed suit against Ah, Gibbs, three other individuals, ASC, ISC, and IUP. The District Court found that IUP was entitled to sovereign immunity and dismissed the claims against it. Ah and Gibbs claimed that they too were entitled to sovereign immunity pursuant to Pennsylvania Law, which provides that “the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit.” 1 Pa Cons.Stat. Ann. § 2310. The Court denied the motion for summary judgment. Ah and Gibbs now appeal.
The first question we must address, is whether we have jurisdiction to review the District Court’s determination that Ah and Gibbs were not entitled to summary judgment. At the very least, we have jurisdiction to determine the question of jurisdiction. United States v. Ruiz, 536 U.S. 622, 628, 122 S.Ct. 2450, 153 L.Ed.2d 586 (2002). Where we are faced with an interlocutory appeal from a denial of summary judgment, sought on the basis of sovereign immunity, it is of critical importance to determine why the District Court denied the motion. If there was a material dispute of fact, we lack jurisdiction to review its order. We are unable to make that determination on this record.
The District Court alluded to limited facts in writing its opinion denying summary judgment — that the letters were written on ASC letterhead and that Ah and Gibbs did not receive a salary from ASC or ISC. No other facts relating to Ah or Gibbs were addressed by the District *38 Court. The Court did not cite to the relevant Pennsylvania law.[1] Without a statement from the District Court explaining what facts or law its conclusion was based on, we cannot determine whether we have jurisdiction to review its order. We now exercise our supervisory powers to require the District Court on remand to clearly identify whether this motion for summary judgment, made on a claim of qualified immunity, has been denied because there was a dispute of material fact, or as a matter of law. See Forbes v. Township of Lower Merion, 313 F.3d 144, 149 (2002).
Hence, we will vacate and remand the cause to the District Court for it to revisit the issue of sovereign immunity and reconsider Appellant’s motion for summary judgment.[2]

. For example, it does not appear that the District Court opinion considered, nor did the Court cite to, the Restatement Second of Agency, the law followed in Pennsylvania. Aliota v. Graham, 984 F.2d 1350, 1358 (3d Cir.1993). This is significant because the Restatement provides that conduct may fall within the scope of employment “although done in part to serve the purpose of the servant or of a third person.” Restatement (Second) of Agency § 236. The Comments elaborate that a person may serve two masters "both of whom are interested in the performance of the same act.” Id., cmt. a.; see Brumfield v. Sanders, 232 F.2d 376, 378 (3d Cir.2000).

. We decline to respond at length to our colleague's dissent. Because the District Court did not set forth findings of fact and conclusions of law sufficient for us to determine our jurisdiction, nor may we engage in appellate fact finding, see Chalfant v. Wilmington Institute, 574 F.2d 739, 747-753 (3d Cir.1978), we have concluded the prudent option is a remand for the District Court to make the requisite findings.