**JEWISH WAR VETERANS, U.S.A. NATIONAL MEMORIAL, Inc., Petitioner,**

v.

**DISTRICT OF COLUMBIA, Respondent. No. 13404.**

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 26, 1957.

Decided April 4, 1957.

Mr. Sol M. Alpher, Washington, D. C., with whom Messrs. Louis E. Spiegler, Washington, D. C., and Ernest M. Shalowitz, Washington, D. C., were on the brief, for petitioner.

Mr. Leo J. Ehrig, Jr., Asst. Corp. Counsel for Dist. of Columbia, with whom Mr. Chester H. Gray, Corp. Counsel, Mr. Milton D. Korman, Principal Asst. Corp. Counsel, and Mr. Henry E. Wixon, Asst. Corp. Counsel, were on the brief, for respondent. Mr. Vernon E. West, Corp. Counsel at the time the record was filed, and Mr. George C. Updegraff, Asst. Corp. Counsel, also entered appearances for respondent.

Before PRETTYMAN, BAZELON and DANAHER, Circuit Judges.

PRETTYMAN, Circuit Judge.

This is a petition to review a decision of the District of Columbia Tax Court. The case concerns a real estate tax. Petitioner was organized in April, 1954. Throughout the period here involved it owned certain real estate. On August 4, 1955, the President signed an act of Congress [1] which provided that certain described real estate owned by petitioner "is hereby exempt from all taxation * * * subject to the provisions of sections 2, 3 and 5" of the act which defines exemptions from real estate taxation.[2] On September 1, 1955, petitioner received from the Assessor by mail a statement of taxes due for the fiscal year 1956, that statement being based upon the valuation of real property approved by the Commissioners as of July 1, 1955.[3]

The statute provides that "The mailing to the taxpayer of a statement of taxes due shall be considered notice of assessment with respect of such taxes."[4] The same section provides that any person aggrieved by any assessment may appeal "within ninety days after notice of such assessment". Our petitioner returned to the Assessor the statement of taxes due, and the Assessor thereafter again forwarded the same statement. On December 29, 1955, petitioner filed its petition with the District of Columbia Tax Court. That court dismissed the petition for lack of jurisdiction, upon the ground that it was not filed within ninety days of the date of the assessment.

Obviously December 29, 1955, was more than ninety days after September 1, 1955. The ninety-day requirement is jurisdictional to the appeal. Also obviously a taxpayer cannot toll the running of that period by merely return-

ing to the Assessor the notices of assessments which it receives. The decision of the Tax Court is

Affirmed.

---

1. 69 Stat. A110.

2. 56 Stat. 1091 (1942), D.C.Code, 1951, §§ 47–801b, 47–801c, 47–801e.

3. See Congregational Home of District of Columbia v. District of Columbia, 92

U.S.App.D.C. 73, 202 F.2d 808 (D.C.Cir. 1953).

4. 52 Stat. 371 (1938), as amended, D.C. Code, 1951, § 47–2403.