**RELIABLE HOME APPLIANCES, INC.,**
a corporation, Appellant,

v.

**DISTRICT OF COLUMBIA, a municipal**
corporation, Appellee.

No. 3865.

District of Columbia Court of Appeals.

Argued March 28, 1966.

Decided May 12, 1966.

502

——————◆——————

Mark P. Friedlander, Washington, D. C., with whom Mark P. Friedlander, Jr., Blaine P. Friedlander, Washington, D. C., and Harry P. Friedlander, Arlington, Va., were on the brief, for appellant.

Ronald L. Lenkin, Asst. Corp. Counsel, with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Henry E. Wixon, Asst. Corp. Counsel, were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

In October 1961 appellant corporation purchased a tract of land in the District of Columbia on which there was an old, four-story frame dwelling, the residence of the then owner. Earlier the structure had been used as a rooming house, but, because it did not meet prescribed standards of safety and sanitation, the District government had forbidden its further use for this purpose. After appellant acquired the property, which previously had been zoned industrial, the building was permitted to remain vacant and, as a result of neighborhood vandalism, reached such a state of disrepair that appellant was notified by the police department to either repair it or face action by the office of the Corporation Counsel. Appellant had the building demolished.

In its corporation franchise tax return for the calendar year 1962 appellant deducted as a loss in trade or business the sum of $18,765.63, representing the claimed value of the structure [1] plus wrecking costs. The District of Columbia tax authorities disallowed the deduction and assessed a deficiency tax of $938.28 against the corporation. Appellant paid the tax and accrued interest under protest and then filed suit for refund.[2] The trial court granted the municipality's motion for summary judgment and the corporation has appealed.

Whether assessment of the additional tax was correct and summary judgment properly granted turn on whether appellant can sustain its position that demolition of the building constituted a loss in trade or business within the meaning of Sec. 47–1557b (a) (4) (A), D.C.Code, 1961, District of Columbia Income and Franchise Tax Act of 1947. The wording of this section of the District's tax law is almost identical with a comparable section of the Federal Internal Revenue Code, and in reaching our decision we have therefore looked to

1. Computed by attributing to the building 61.39% of the total cost of the property based upon the allocation between land and improvements as made by the District government for purposes of assessing the real property tax.

2. D.C.Code, 1961, § 47–1593 and § 47–1593a. Appellant elected to file suit for refund in the District of Columbia Court of General Sessions rather than appeal the deficiency tax assessment to the Board of Tax Appeals for the District of Columbia (now the District of Columbia Tax Court). See District of Columbia v. Brady, 109 U.S.App.D.C. 324, 288 F.2d 108 (1960).

both local and federal cases and regulations.

█ It is settled that where a taxpayer buys improved property for use in trade or business with the intent of razing the buildings thereon and then subsequently demolishes them, he has not suffered a loss of the character contemplated by the above section of the tax act.[3] Rather, the property represents a capital investment and the amount paid for it, plus the expenses incurred in removing the existing structures, should be treated as cost of the land. This is true even if contemplated plans for use of the property are not realized; or if the buildings are demolished but not replaced; or if demolition enhances rather than diminishes the value of the property.[4]

Appellant maintains that when the property was acquired it was subject to being used as a means of obtaining rental income, and that demolition of the structure was not a voluntary decision on its part but was necessitated by condemnation of the building by the District of Columbia authorities, thus depriving it of potential income. It further argues that the fact that the corporation made no use of the property or ever built a new structure on the premises establishes that when it purchased this tract of land appellant's directors did not intend to destroy the existing structure.

We find nothing in the record to substantiate appellant's assertion that it was required to demolish the building because it had been condemned. Official records of the Board of Condemnation of Insanitary

Buildings in the District of Columbia, the only local agency empowered to condemn buildings other than for the purpose of taking by eminent domain, reveal that no condemnation proceedings had been instituted against the property. Furthermore, officers of appellant corporation were aware at the time the property was acquired that the structure, in its substandard condition, was not suitable for any purpose without extensive and expensive repair.

█ Summary judgment may be granted[5] only where there is before the court no genuine issue as to a material fact so as to entitle the movant to judgment as a matter of law. Appellant argues that the intent of the officers of the corporation in acquiring the property was a genuine question of fact and required proof; that on so scant a record as was before the court bearing on the circumstances surrounding the purchase and the razing of the building five months later, it was error to grant appellee's motion for summary judgment. The burden of demonstrating the absence of any material issue is upon the moving party, and any doubts are to be resolved against him. Only if the pleadings, affidavits and depositions show there is no genuine issue is the movant entitled to summary judgment.[6]

Applying these criteria in answer to appellant's argument, we find that the intent of the directors of the corporation in acquiring the property was clearly revealed (although adversely to appellant) in the record considered by the trial judge at the time he granted appellee's motion. Before

3. Columbia Operating Corp. v. District of Columbia, D.C. Tax Court, Opinion No. 945 (January 22, 1958), CCH–D.C.Rep., § 14–107.

4. N. W. Ayer & Son, Inc., 17 T.C. 631 (1951); Providence Journal Co. v. Broderick, 104 F.2d 614, 616 (1st Cir., 1939); Union Bed & Spring Co. v. Commissioner of Internal Revenue, 39 F.2d 383, 385 (7th Cir., 1930); Liberty Baking Co. v. Heiner, 37 F.2d 703, 704 (3rd Cir., 1930). See also RKO Theatres, Inc. v. United States, 163 F.Supp. 598, 143 Ct.Cl. 39

(1958); Meyer v. United States, 247 F. Supp. 939 (D.Mass.1965); Mertens, Law of Federal Income Taxation, § 28.23.

5. Rule 56(c) of the District of Columbia Court of General Sessions.

6. Blyther v. Pentagon Federal Credit Union, D.C.Mun.App., 182 A.2d 892 (1962); Turek v. Yellow Cab Co. of D. C., D.C. Mun.App., 131 A.2d 923 (1957); Dewey v. Clark, 86 U.S.App.D.C. 137, 180 F.2d 766 (1950).

him was a complaint filed in the United States District Court for the District of Columbia on behalf of the corporation by Michael Kapneck, secretary-treasurer of appellant corporation—more than a year prior to the suit in the Court of General Sessions to recover the tax payment— seeking to have the property, which had inadvertently been placed in the name of another officer of the corporation, titled in the name of the corporation. In that complaint Mr. Kapneck represented that the subject property "had been purchased by the corporate Plaintiff [appellant here] in order to erect a warehouse on the same, to be used for the storage of merchandise owned by the corporate Plaintiff." In the answer filed in the same suit, the defendant, president of the corporation, admitted the property was purchased for that purpose; and Mr. Kapneck's deposition taken in that case approximately seven months before the suit was filed in the Court of General Sessions seeking the tax refund confirms this intention.

The pleadings and deposition in the District Court action are but a portion of the evidence which persuades us that removal of the house was but an inevitable, foreseen step—a prerequisite to the use of the property for any purpose. Patently, when acquired by appellant, the structure was uninhabitable and unusable without extensive repair; was incapable of rental to produce income and unlikely adaptable to use as a warehouse. That one was never constructed does not negate our conclusion, derived from the evidence before us interpreted in the light of applicable law, that it was the absolute intention of the directors of appellant corporation at the time they acquired the property to raze the existing dwelling. Thus, appellant was not entitled to claim a loss arising from destruction of the building here involved, assessment of the additional tax was correct, and summary judgment for the District of Columbia was properly granted.

Affirmed.