**NATIONAL GRADUATE UNIVERSITY, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

**No. 9417.**

District of Columbia Court of Appeals.

Submitted Sept. 25, 1975.

Decided Oct. 31, 1975.

---

Ralph N. Albright, Jr., Washington, D. C., for appellant.

C. Francis Murphy, Corp. Counsel, Washington, D.C., with whom Louis P. Robbins, Principal Asst. Corp. Counsel, Henry E. Wixon and Richard G. Amato, Asst. Corp. Counsels, Washington, D.C., were on the brief, for appellee.

Before REILLY, Chief Judge, and GALLAGHER and MACK, Associate Judges.

PER CURIAM:

This appeal is from a decision of the Tax Division of the Superior Court dismissing appellant's petition contesting an assessment of real property taxes on the ground that the petition was not filed within six months after the date of assessment. We affirm the dismissal.

Appellant, a university exempt from federal income taxation, owns improved property at 5011 Lowell Street, N.W. in the District of Columbia. A notice of assessment stating the amount of real estate taxes due for the property was mailed by the District on November 12, 1973 and received by appellant on November 14, 1973. On May 20, 1974, appellant filed a petition contesting the assessment on the ground that the property was exempt from taxation under D.C.Code 1973, § 47–801a(j).

The appeal procedure for contesting a tax assessment of property deemed to be exempt is set out in D.C.Code 1973, § 47–801e, which states that the appeal shall be in the same manner as provided in § 47–2403 except that "payment of the tax shall not be prerequisite to any such appeal." D.C.Code 1973, § 47–2403 gives the general procedure for appealing a tax assessment. It states:

Any person aggrieved by any assessment by the District of any . . . tax or taxes, or penalties thereon, may within six months after payment of the tax, together with penalties and interest assessed thereon, appeal from the assessment to the Superior Court of the District of Columbia. The mailing to the taxpayer of a statement of taxes due shall be considered notice of assessment . . . . .

Appellant contends that because it is not required to prepay taxes before appealing under § 47–801e, the limitation period of § 47–2403 requiring appeal "within six months after payment" does not apply. Appellee, on the other hand, argues that the two sections taken together mandate the filing of an appeal for exempt property within six months after the date of assessment.

It is apparent that § 47–2403 is ambiguous when read with the prepayment condition inapplicable. This ambiguity is the result of 1970 amendments in which Congress rephrased the language of the statute, increasing the time for appeal from 90 days to six months.[1] The trial court, faced with this ambiguity, reviewed the predecessor statute, the decisions interpreting the prior statute, and the legislative history of the amended statute, and determined that Congress intended to make no substantial change in § 47–2403 other than enlargement of the time period. It concluded, therefore, that as in the prior statute, the time requirement applies to tax exempt property and runs from the date of assessment. We agree.

The prior statute provided for appeal from a tax assessment "within ninety days

1. District of Columbia Court Reform and Criminal Procedure Act of 1970, Pub.L. No. 91–358, § 161(a)(3), 84 Stat. 579.

after notice of such assessment . . . provided such person shall first pay such tax . . .." D.C.Code 1967, § 47–2403. The ninety day time requirement was held applicable to appeals involving allegedly exempt property where prepayment was not required under provisions of § 47–801e substantially identical to those currently in effect. *See Jewish War Veterans v. District of Columbia,* 100 U.S.App.D.C. 223, 243 F.2d 646 (1957).

Under the prior statutory scheme, a person aggrieved by a tax assessment could either appeal to the District of Columbia Tax Court under § 47–2403 or pursue common law remedies in the United States District Court. D.C.Code 1967, § 47–2413(c). A three year general statute of limitations applied to the common law actions.[2] In the District of Columbia Court Reform and Criminal Procedure Act of 1970, Congress abolished the common law remedies, vesting exclusive jurisdiction over tax assessment appeals in the Tax Division of the Superior Court.[3] The Act also lengthened the time for appeals to six months.[4] The reason for this amendment to § 47–2403 is explained in the House Committee Report as follows:

> Section 161 amends various tax statutes of the District to reflect the exclusive jurisdiction of the Tax Division of the new Superior Court to repeal provisions made obsolete by the transfer, and to allow six months, rather than ninety days, for filing tax cases because of the abolition of the alternate common-law reme-

dies in the U. S. District Court. *There are no other substantive changes.* [Emphasis added.] H.R.Rep.No.91–907, 91st Cong., 2d Sess. 165 (1970). .

The legislative history of § 47–2403 as amended indicates that except for the enlarged time requirement, Congress intended to retain identical requirements for filing petitions in the Superior Court as were provided in the predecessor section for filing in the District of Columbia Tax Court. In addition, because Congress abolished all remedies other than the appeal procedures specifically provided in the tax statutes, we must look solely to the relevant tax sections for the timeliness requirement rather than to the general statutory provisions governing limitations of other civil actions. Accordingly, we hold that the six month time requirement of § 47–2403 applies to appeals from assessments of allegedly exempt property and that the period begins to run from the mailing of the notice of assessment.[5]

Appellant advances a second argument contending that the six month period for filing appeals is a statute of limitations which was waived by appellee when it failed to assert the limitation period as an affirmative defense in its answer to the petition.[6]

Prior to the 1970 amendments, timely filing of a petition was a jurisdictional requirement for an appeal under § 47–2403. *See Jewish War Veterans v. District of Columbia, supra; Congregational Home v.*

---

2. *See e. g., Block v. District of Columbia,* 160 U.S.App.D.C. 380, 382, 492 F.2d 646, 648 (1974).

3. Pub.L. No. 91–358, § 111, 84 Stat. 488.

4. *Id.* § 161, 84 Stat. 579. The time for appeal was enlarged to six months in §§ 47–709 (real property valuation appeal) and 47–2405 (real estate assessment appeal), as well as in § 47–2403.

5. We note that the drafters of the Rules adopted by the Board of Judges for the Tax Division of the Superior Court approved a similar construction of § 47–2403. *See* Super.Ct.Tax R. 6, Comment 1.

6. Appellee first raised the timeliness issue in a motion to dismiss for lack of jurisdiction filed more than five months after the answer. The trial court granted the motion holding that "the petition herein, having been filed more than six months after petitioner received notice of assessment, is not in compliance with the jurisdictional prerequisites of D.C.Code § 47–2403 . . . ."

*District of Columbia*, 92 U.S.App.D.C. 73, 202 F.2d 808 (1953). Since Congress intended to make no changes in the appeal requirements of § 47–2403, with the exception of the enlarged time requirement, the limitation period in the present statute, as in the predecessor section, is jurisdictional in nature and not merely a statute of limitations. Thus, we reject appellant's contention that failure to assert the timeliness issue in the answer constituted a waiver.

The petition in this case, having been filed more than six months after a notice of assessment was mailed to appellants, was not in compliance with the requirements of D.C.Code 1973, §§ 47–801e and 47–2403.[7] The order of dismissal is

*Affirmed.*

---

7. Appellee requests this court to dispel the ambiguities in § 47–2403 by stating that the period for filing a petition runs from the mailing of the assessment rather than from the date of payment in cases where nonexempt property taxes are involved and payment of the tax is prerequisite to filing an appeal. It is unnecessary to reach this issue in the present case. However, we agree with the trial court's analysis suggesting that the period for all appeals under § 47–2403 runs from the mailing of the assessment, the clause "after payment . . ." to be read as "provided payment has been made."