Matthew E. DONAHUE, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 10940.

District of Columbia Court of Appeals.

Submitted Dec. 15, 1976.

Decided Jan. 25, 1977.

Matthew E. Donahue, pro se.

John R. Risher, Jr., Corp. Counsel, Henry E. Wixon and Melvin J. Washington, Asst. Corp. Counsels, Washington, D. C., for appellee.

Before NEWMAN, Chief Judge, and FICKLING and MACK, Associate Judges.

PER CURIAM:

This appeal challenges an order of the Tax Division of the Superior Court dismissing appellant's petition contesting an assessment of personal property taxes for fiscal year 1974 on the ground that the petition was not filed within six months after the date of assessment. We affirm the dismissal.

The trial judge found that a notice of assessment stating the amount of personal property taxes owed by appellant for fiscal year 1974 was mailed by the District of Columbia and received by the appellant no later than October 12, 1973, the date of appellant's first (of two) tax payment installments.[1] Subsequently, on February 5, 1975 appellant filed a petition in the Tax Division appealing this assessment.

The appeal procedure for contesting the personal property tax assessment at issue is set out in D.C.Code 1973, § 47–2403, which provides in pertinent part:

> Any person aggrieved by any assessment by the District of any personal-property . . . tax or taxes, or penalties thereon, may within six months after payment of the tax, together with penalties and interest assessed thereon, appeal from the assessment to the Superior Court of the District of Columbia. The mailing to the taxpayer of a statement of taxes due shall be considered notice of assessment . . . ..

In *National Graduate University v. District of Columbia*, D.C.App., 346 A.2d 740 (1975), we reviewed the legislative history of D.C.Code 1973, § 47–2403 and concluded "that the six month time requirement of

[the statute] applies to appeals from assessments of allegedly exempt property and that the period begins to run from the mailing of the notice of assessment." *Id.* at 742 (footnote omitted). Furthermore, while the instant case does not present the issue of allegedly exempt property, we previously suggested, and now hold, "that the period for *all* appeals under § 47–2403 runs from the mailing of the assessment, the clause 'after payment . . .' to be read as 'provided payment has been made.'" *Id.* at 743 n.7 (emphasis added).

Thus in light of our interpretation of D.C.Code 1973, § 47–2403 we must reject appellant's argument that the six-month period for filing an appeal does not commence until after payment of the tax. The petition in this case, having been filed more than six months after appellant received notice of the assessment, was properly dismissed for lack of jurisdiction.

Accordingly the order of dismissal is

*Affirmed.*

---

1. The second and final installment was paid by the appellant on September 13, 1974.