TRUSTEES OF the NINETEENTH STREET BAPTIST CHURCH of the District of Columbia, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 11357.

District of Columbia Court of Appeals.

March 17, 1978.

James W. Cobb, Washington, D. C., was on the petition for appellant.

Richard G. Amato, Asst. Corp. Counsel, Washington, D. C., with whom John R. Risher, Jr., Corp. Counsel, Louis P. Robbins, Principal Deputy Corp. Counsel, Robert E. McCally, Deputy Corp. Counsel and Henry E. Wixon, Asst. Corp. Counsel, Washington, D. C., were on responsive pleadings filed thereto.

Before NEWMAN, Chief Judge, KELLY, KERN, GALLAGHER, NEBEKER, YEAGLEY, HARRIS, MACK and FERREN, Associate Judges, and PAIR, Associate Judge, Retired.

ORDER

PER CURIAM.

On consideration of appellant's petition for rehearing or hearing en banc or, in the alternative, for a rehearing before the hearing panel, and a majority of the en banc Court and the division having voted to deny appellant's petition, it is

ORDERED that appellant's petition is denied.

FERREN, Associate Judge, voted to grant appellant's petition for en banc consideration.

Statement of PAIR, Associate Judge, Retired:

Because of my continuing concern with the dispositions made in this case, I have been constrained to call for a vote on the petition for rehearing en banc. An adequate statement of the facts and the views of the members of the division are set forth in the majority and dissenting opinions, 378 A.2d 661, 665–67 (1977).

The petition for rehearing en banc challenges the validity of the tax levied against the church property. Even though this issue is raised for the first time by the church, my view is that it should be considered, since there has been no adjudication on the merits of the controversy.

The trial court dismissed for want of jurisdiction the petition filed in this case, believing that it was controlled by D.C.Code 1973, §§ 47–801e and –2403, since relief was not sought within six months after receipt of the undated tax bill. The majority of the division affirmed on the authority of *National Graduate University v. District of Columbia*, D.C.App., 346 A.2d 740–42 (1975).[1] Whether the holding in the *National Graduate University* case was or was not well considered need not concern us at this time, because, as pointed out in the dissenting opinion, it is in my view without controlling application.

In the case before us, the claim made in the petition for rehearing en banc is that no tax liability accrued to the church, not only because the property involved was exempt, but more importantly because the District, in the assessment process, failed to follow the procedures mandated by either D.C. Code 1973, § 47–710 or D.C.Code 1977 Supp., § 47–645. *Cf. Trustees of St. Paul M.E. Church South v. District of Columbia*, 94 U.S.App.D.C. 78, 212 F.2d 244 (1954).

Counsel for the District insists that D.C. Code 1973, § 47–710 has application only to new structures or improvements to old structures. I brush this aside as frivolous. The language of that section is simple and direct, imposing upon the Board of Assistant Assessors responsibilities in respect to three categories of real property: (1) that which has become subject to taxation and is not then on the tax list; (2) land upon which new structures have been erected or old structures improved; and (3) land upon which structures have been damaged or destroyed.

The Board is required to make on or before July 1 of each year a list of such real estate and ". . . affix a value thereon, according to the rules prescribed by law for assessing real estate . . . ." The sec-

tion then provides that any person aggrieved by the assessment or valuation ". . . may, within six months after October 15 of the year in which said valuation or assessment is made, appeal . . ." as provided in D.C.Code 1973, §§ 47–2403, –2404.[2]

Counsel for the District has been less than candid in his response to the request that he ascertain and represent to the court whether, prior to the rendition, on August 27, 1975, of the undated tax bill, the District did or did not comply with the provision or provisions of law involved. What counsel did was to attach to his reply a memorandum of the Acting Associate Director, Department of Finance and Revenue, which reads:

A computer run of the Real Estate Master File Tape, used in the preparation of reassessment notices for Fiscal Year 1976, indicates that Lots numbered 025, 803 and 804 were owned by the appellant and were included in preparation of said notices. The mailing address provided for mailing subject notices was:

Trustees of the Nineteenth Street Baptist Church, care of James W. Cobb, Esq. at 1621 New Hampshire Ave., N.W., Washington, D.C. 20009.

Needless to say, the memorandum does not address, nor does counsel for the District, the petitioner's claim that the District in the assessment process, failed to follow the statutory procedures prescribed.

All that has been disclosed of substance, therefore, what appears from the record brought here, *i. e.*, that without prior notice of assessment as required by D.C.Code 1977 Supp., § 47–645, and without

\* \* \* \* \* \*

(4) an indication of the reason for such change in assessment . . . [or]

(5) statement of appeal procedures pursuant to section 47–646(i) . . .

---

1. The doctrine of the *National Graduate University* case was based on the authority of *Congregational Home v. District of Columbia*, 92 U.S.App.D.C. 73, 202 F.2d 808 (1953), decided long before the 1974 comprehensive amendments to the Real Property Tax provisions. *See* D.C.Code 1977 Supp., § 47–631–646.

2. It is undisputed in the record that the property involved was not on or before July 1, 1975, on the "tax list." It is undisputed also that the original petition was filed within six months after October 1975.

the District mailed to the church on August 27, 1975, an undated tax bill.[3]

But more than this, it should not escape attention that the church was not, on January 1, 1975, a taxpayer for purposes of D.C.Code 1977 Supp., § 47–645. Its property at that time was, pursuant to 21 D.C. R.R. No. 74–35, § 135(a), exempt from taxation and continued exempt until the end of that fiscal year. Consequently, the property could not properly have been assessed for taxation, absent a determination that it had for some sufficient reason become subject to taxation and the procedures prescribed by D.C.Code 1973, § 47–710, had been followed. Since there is no record showing that such procedures were followed, no complaint to the Board of Equalization and Review was required. See D.C.Code 1977 Supp., § 47–646(i).

In sum, whatever may have been the basis for the tax levied in this case, the appeal was timely.[4] I would grant the petition for rehearing en banc and remand with directions to proceed to disposition on the merits.

Statement of YEAGLEY, Associate Judge:

I concur wholeheartedly in Judge Pair's statement on the petition for rehearing en banc. I see no reason why the District should not have to comply with the first clause of D.C.Code 1973, § 47–710 when a property is first assessed. Since no notice in writing of the new assessment was given the taxpayer prior to March 15th, the Church may appeal without first making a complaint to the Board as permitted in D.C. Code 1977 Supp., § 47–646(i).

---

3. Significantly enough, the District used this same ploy in *Howard University v. District of Columbia*, Super.Ct.Tax Div., No. 2319, 104 Wash.D.L.Rep. 637 (April 16, 1976), but was unsuccessful and it did not appeal.

4. The church could, of course, elect to pay the tax and then petition, pursuant to D.C.Code 1973, §§ 47–1016, –2407 for a refund. However, in the interest of judicial economy, we should not require the exercise. See D.C.Code 1973, § 47–801e. See also D.C.Code 1977 Supp., § 47–2405(2)