## FLOYD E. DAVIS MORTGAGE CORPORATION, Appellant,

v.

## DISTRICT OF COLUMBIA, Appellee.

### No. 80–511.

District of Columbia Court of Appeals.

Reargued Oct. 27, 1982.

Decided Feb. 11, 1983.

Stewart M. Lewis, with whom Richard A. Mullens and Donald B. Reynolds, Jr., Washington, D.C., were on briefs, for appellant.

Richard G. Amato, Asst. Corp. Counsel, with whom Judith W. Rogers, Corp. Counsel, and Charles L. Reischel and James E. Lemert, Deputy Corp. Counsel, and Richard L. Aguglia, Asst. Corp. Counsel, Washington, D.C., were on briefs, for appellee.

James Robertson and F. David Lake, Jr., David M. Becker and Helen Torelli, Washington, D.C., filed briefs for amicus curiae, Peoples Drug Stores, Inc.

Before NEWMAN, Chief Judge, and KELLY and KERN, Associate Judges.

PER CURIAM:

Appellant Floyd E. Davis Mortgage Corporation appealed the District of Columbia's assessment of a deficiency in its payment of corporate franchise taxes to the Tax Division of Superior Court. The appeal was dismissed for lack of subject matter jurisdiction, and appellant contends here that in dismissing the appeal the trial court erred in its interpretation of D.C.Code § 47–2403 (1973).[1]

1. D.C.Code § 47–2403 (1973) provides:

Any person aggrieved by any assessment by the District of any personal-property, inheritance, estate, business-privilege, gross-re-

ceipts, gross-earnings, insurance premiums, or motor-vehicle-fuel tax or taxes, or penalties thereon, *may within six months after payment of the tax together with penalties and interest assessed thereon, appeal from*

## I

On October 4, 1974, the District of Columbia Department of Finance and Revenue mailed to appellant a notice of a deficiency in its corporate franchise taxes for the fiscal year ending June 30, 1971. The assessed deficiency of $18,553 with interest of $4,081.66, was paid on May 22, 1975. The assessment was appealed pursuant to D.C. Code §§ 47–1593, –2403 (1973) [recodified as D.C.Code §§ 47–1815.1, –3303 (1981)] on July 2, 1975. Implementing D.C.Code § 47–2403 (1973), and relying upon our prior decisions in *Donahue v. District of Columbia,* 368 A.2d 1147 (D.C.App.1977), and *National Graduate University v. District of Columbia,* 346 A.2d 740 (D.C.App.1975), the trial court measured the six-month period within which one may appeal such a deficiency from the date of the assessment of the tax and dismissed the appeal as untimely filed; that is to say, there were nearly nine months between the mailing of the notice of the deficiency and the filing of the appeal.

A division of this court heard oral argument in the case on November 16, 1981. Before a decision was made, however, the court, perceiving a possible decisional conflict, *sua sponte* ordered a rehearing *en banc.* Thereafter, appellee District of Columbia petitioned for reconsideration, stating that both parties had mistakenly based their arguments upon D.C.Code § 47–2403 (1973) rather than upon D.C.Code § 47–1593 (1973).[2] We reconsidered our en banc

order, vacated it, and the case was set before the division for rehearing.

The central issue on appeal is which of the two cited Code provisions controls the time requirements for filing an appeal from an assessment of a deficiency in corporate franchise taxes.

## II

Appellant contends that § 2403 controls, and thus the trial court erred in measuring the period for filing an appeal from the date of the assessment of the tax rather than from the date of the payment of the deficiency. Conversely, the District contends that § 1593 sets the period within which an appeal must be filed. We conclude that § 47–1593 is controlling here.

It is an accepted principle of law that a statute is to be construed in the context of the entire legislative scheme. *Howard v. Riggs National Bank,* 432 A.2d 701, 709 (D.C.App.1981); *In re T.L.J.,* 413 A.2d 154, 158 (D.C.App.1980); *United Mine Workers of America v. Andrus,* 189 U.S. App.D.C. 110, 114, 581 F.2d 888, 892, *cert. denied,* 439 U.S. 928, 99 S.Ct. 313, 58 L.Ed.2d 321 (1978). An examination of the tax provisions of the Code reveals that Chapter 15 of Title 47[3] governs the assessment of income and franchise taxes. Within that chapter, §§ 1571 and 1571a impose a franchise tax upon corporations which en-

---

the assessment to the Superior Court of the District of Columbia. The mailing to the taxpayer of a statement of taxes due shall be considered notice of assessment with respect to the taxes. The court shall hear and determine all questions arising on appeal and shall make separate findings of fact and conclusions of law, and shall render its decision in writing. The court may affirm, cancel, reduce, or increase the assessment. [Emphasis supplied.]

2. D.C.Code § 47–1593 (1973) provides:

Any person aggrieved by any assessment of a deficiency in tax determined and as-

sessed by the Assessor under the provisions of section 47–1586d and any person aggrieved by the denial of any claim for refund made under the provisions of section 47–1586j, *may, within six months from the date of the assessment of the deficiency* or from the date of the denial of a claim for refund, as the case may be, *appeal to the Superior Court of the District of Columbia, in the same manner and to the same extent as set forth in sections 47–2403, 47–2404, 47–2407 to 47–2411.* [Emphasis supplied.]

3. Recodified in D.C.Code (1981) as Chapter 18 of Title 47.

gage in business within the District of Columbia. *Owens-Illinois Glass Co. v. District of Columbia,* 92 U.S.App.D.C. 15, 17, 204 F.2d 29, 30 (1953). Sections 1586 and 1586d require the Tax Assessor to levy income and franchise taxes and deficiencies in such taxes. The statute in question here, § 1593, provides for appeals from the assessment of deficiencies in "tax[es] determined and assessed by the Assessor under the provisions of section 47–1586d." Thus, § 1593 explicitly covers assessments of deficiencies in income and franchise taxes pursuant to Chapter 15. *See Petworth Pharmacy, Inc. v. District of Columbia,* 335 A.2d 256, 257 (D.C.App.1975); *Reliable Home Appliances, Inc. v. District of Columbia,* 219 A.2d 501, 502 (D.C.App.1966); *Block v. District of Columbia,* 160 U.S.App.D.C. 380, 381, 492 F.2d 646, 647 (1974); *Owens-Illinois Glass Co. v. District of Columbia, supra,* 92 U.S.App. D.C. at 18, 204 F.2d at 31.

In comparison, Chapter 24 of Title 47 (1973)[4] governs other specified appeals. Section 2403 provides for appeals from assessments of any "personal-property, inheritance, estate, business-privilege, gross-receipts, gross-earnings, insurance premiums, or motor-vehicle-fuel tax or taxes, or penalties thereon." The only type of tax mentioned in § 2403 which arguably compares to a corporate franchise tax is the "business privilege" tax. However, even if we were to assume that the "business privilege" taxes covered by § 2403 are the same as "franchise" taxes, § 1593 still must control appeals from assessments of corporate franchise tax deficiencies because of the general rule of statutory construction that "specific terms prevail over the general in the same or another statute which otherwise might be controlling." *District of Columbia v. Linda Pollin Memorial Housing Corp.,* 313

A.2d 579, 585 (D.C.App.1973) (quoting *Ginsburg & Sons v. Popkin,* 285 U.S. 204, 208, 52 S.Ct. 322, 323, 76 L.Ed. 704 (1932)); *Howard v. Riggs National Bank, supra,* 432 A.2d at 709; *FTC v. Manager, Retail Credit Company, Miami Branch Office,* 169 U.S.App.D.C. 271, 276–77, 515 F.2d 988, 993–94 (1975). Section 1593 specifically applies to appeals from assessments of deficiencies in corporate franchise taxes; § 2403 only generally states the appeals procedure for various types of tax assessments.

Appellant argues, however, that because § 1593 provides that appeals from corporate tax deficiency assessments may be brought "in the same manner and to the same extent as set forth in [section] 47–2403," the time for appeal provision of § 2403 is necessarily incorporated in § 1593.

We have previously held that a statute should not be construed in such a way as to render its provision superfluous or insignificant. *Tuten v. United States,* 440 A.2d 1008, 1010 (D.C.), *cert. granted,* —— U.S. ——, 103 S.Ct. 206, 74 L.Ed.2d 165 (1982); *United States v. Menasche,* 348 U.S. 528, 538–39, 75 S.Ct. 513, 519–520, 99 L.Ed. 615 (1955). Because § 1593 expressly specifies the time for filing an appeal, there is no reason to assume that its incorporation of the provisions of § 2403 overrides its own timing provision. To make such an assumption would render the timing provision of § 1593 inoperative, thus violating our rule of statutory construction. Moreover, the limited incorporation of the provisions of § 2403 which define the nature of the judicial remedy available to the taxpayer[5] creates no conflict with the terms of § 1593. *See Carter-Lanhardt, Inc. v. District of Columbia,* 413 A.2d 916, 918 (D.C.1980); *Dis-*

---

4. Recodified in D.C.Code (1981) as Chapter 33 of Title 47.

5. Those provisions are (1) the appeal may be brought only "after payment of the tax togeth-

er with penalties and interest assessed thereon," and (2) "[t]he court shall hear and determine all questions on appeal and shall make separate findings of fact and conclusions of

trict of Columbia v. *Gallant Inc.*, 110 U.S. App.D.C. 202, 205, 290 F.2d 745, 748 (1961); *Owens-Illinois Glass Co. v. District of Columbia, supra,* 92 U.S.App.D.C. at 18, 204 F.2d at 31.

We hold that § 47–1593 sets the time requirements for filing an appeal from an assessment of a deficiency in corporate franchise taxes. As that section provides for an appeal "within six months from the date of the assessment of the deficiency,"

and as appellant admits that its appeal was filed almost nine months after the notice of a deficiency in corporate franchise taxes was sent, the appeal was not timely filed.[6] Accordingly, the judgment on appeal is

*Affirmed.*

---

law, and shall render its decision in writing...."

**6.** Our disposition of the case obviates the need to address the other issues raised by appellant.