**3307 M STREET PARTNERS, Plaintiff,**

v.

**COMMONWEALTH LAND TITLE INSURANCE COMPANY, Defendant.**

**Civ. A. No. 91–2994(JHG).**

United States District Court, District of Columbia.

Jan. 21, 1992.

---

2. *Id.* at 2739.

3. Discovery disputes, if any, shall be referred to a Magistrate Judge.

Richard M. Preston, Joseph J. Dyer, Seyfarth, Shaw, Fairweather & Geraldson, Washington, D.C., for plaintiff.

Kevin P. Kennedy, R. Bradley Runyon, Conroy, Ballman & Dameron, Bethesda, Md., for defendant.

## MEMORANDUM OPINION AND ORDER

JOYCE HENS GREEN, District Judge.

Plaintiff, 3307 M Street Partners ("3307"), initiated this diversity action against Commonwealth Land Title Insurance Company ("Commonwealth"), alleging breach of contract, negligence, and bad faith refusal to pay. Presently pending is defendant's motion to dismiss Counts II and III of the Complaint. For the following reasons, this entire case is dismissed without prejudice to renew in the Superior Court of the District of Columbia.

### I. BACKGROUND

The Complaint alleges the following:

On or about June 30, 1987, Commonwealth issued a policy of title insurance, Policy No. H746530A (the "Policy"), to Sheldon Kamins and Gary S. Frank as trustees for Colonial Georgetown Associates ("Colonial").[1] Pursuant to the terms of the policy, defendant insured Colonial against loss or damage not to exceed $6.5 million, which loss Colonial might sustain if the title to the estate described in the policy, commonly known as 3307 M Street, was vested in another entity or individual than that stated in the contract. The eastern boundary of 3307 M Street, N.W., as described in the Policy, did, in fact, encroach upon the western boundary of the adjoining landowners' property.

On October 3, 1989, at the instigation of the adjoining landowners, the District of Columbia Building Inspection Department (the "Department") issued a stop work order directing the plaintiff to cease all construction and renovation activities within eight feet of the eastern boundary of 3307 M Street, N.W. The Department lifted its stop work order only after plaintiff agreed to cease encroaching upon the adjoining landowner's property, and plaintiff was not able to re-commence construction activities until November 6, 1989.

As a result of the estate being otherwise vested than as described in the Policy, plaintiff contends that it has sustained damages and losses in the amount of $343,421.00. Specifically, plaintiff contends that the value of its estate has decreased because it covers less square footage than detailed in the Policy; plaintiff incurred expenses in removing structures already constructed on the adjoining landowner's property; plaintiff incurred additional costs in redesigning its improvements; 3307 incurred finance carrying charges on its construction loans for the period of time that construction was halted; plaintiff incurred additional developer and legal expenses in managing the matter; and ultimately, 3307 was required to pay the adjoining landowners for encroachments on their property.

The Complaint further alleges that defendant admitted, by letter dated August 20, 1990, that plaintiff had an indemnifiable claim against defendant under Policy No. H746530A. Thereafter, by letter dated July 24, 1991, plaintiff provided defendant detailed documentation supporting the damages it claimed. With the exception of plaintiff's claim for damages for loss in the value of the property, the Complaint as-

[1] Plaintiff is the successor in interest to Colonial.

**6**

serts that defendant has not questioned the documentation plaintiff submitted in its July 24, 1991 letter nor has the defendant requested plaintiff to provide further support.

## II. DISCUSSION

■ Commonwealth contends that Count II, which alleges a claim for "negligence," and Count III, which alleges a claim for "bad faith refusal to pay," should be dismissed because the District of Columbia does not recognize causes of action alleging negligent breach of contract or the tort claim of bad faith refusal to pay. Because, in this diversity action, there are controlling legal questions that should be determined, in the first instance, by a local court whose decisions concerning District of Columbia law are binding on a District Court, this case shall be dismissed without prejudice to renew in the appropriate forum.

Plaintiff concedes that the District of Columbia does not recognize a cause of action in tort for negligent breach of contractual duties but contends that this Court should recognize a claim in contract for "negligently confirm[ing] to Plaintiff that the title to the estate described in Policy No. H746530A was vested as stated therein." Complaint, ¶ 21. As both plaintiff and defendant acknowledge, however, it is unclear whether the District of Columbia recognizes such a claim. "There is a split in authority concerning whether a title insurer's duty to conduct a reasonable search is implied in its issuance of a policy of insurance, or whether that duty requires a more explicit showing that the insurer agreed to conduct a search,"[2] and the District of Columbia Court of Appeals has not yet decided the issue.

Similarly, the District of Columbia may have, at one time, recognized a cause of action for bad faith refusal to pay,[3] but it is unclear whether the District of Columbia still recognizes such a claim. First party bad faith claims of this nature are no long-

er permitted in Maryland, the District's common law was derived from Maryland jurisprudence, and it appears that the District has not yet had an opportunity to re-examine the issue.

■ Moreover, this federal District Court does not have the authority to certify a question and request a decision from the District of Columbia Court of Appeals. D.C.Code § 11–723(a) specifically provides:

> The District of Columbia Court of Appeals may answer questions of law certified to it by the Supreme Court of the United States, a Court of Appeals of the United States, or the highest appellate court of any State, if there are involved in any proceeding before any such certifying court questions of law of the District of Columbia which may be determinative of the cause pending in such certifying court there is no controlling precedent in the decisions of the District of Columbia Court of Appeals.

The legislative history of D.C.Code § 11–723 reveals that Congress heard testimony advocating that the number of certifying courts under the proposed law be limited to those specified in the Act, and the limitation contained in the statute, most notably the exclusion of United States District Courts, "was suggested as a method of achieving the goals of certification 'without unduly burdening the District of Columbia Court of Appeals.'" *Georgetown University v. Sportec International, Inc.*, 572 A.2d 119, 121 (D.C.App.1990).

Even were this Court to decide the controlling questions of law and allow an interlocutory appeal for the Circuit Court then to determine whether to seek a decision from the District of Columbia Court of Appeals, it is not clear that the District of Columbia Court of Appeals would agree, in its discretion, to entertain any questions so certified. As the D.C. Court of Appeals suggested in a comparable case:

> [W]hile the United States Court of Appeals certified the question in the re-

**2.** Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss Counts II and III of Plaintiff's Complaint ("Pl. Opp."), at 8 (citing cases).

**3.** *See Washington v. Group Hospitalization, Inc.*, 585 F.Supp. 517 (D.D.C.1984).

quired manner, the certification is actually that of a question arising out of a case pending in the United States District Court, relayed to us by the United States Court of Appeals for our consideration. While this court welcomes the opportunity to respond to certifications pursuant to the statute and has done so on four occasions, we conclude that the present case is one in which, in the exercise of our discretion, we should decline to entertain the certified question.

Our exercise of discretion is influenced by the same policy reasons that led to the decision of Congress to exclude the District Courts from the ranks of certifying courts. Extending the certification process to questions arising out of cases pending in the United States District Courts would create an obvious potential for burdening this court in a manner not contemplated by the Congress.

*Georgetown*, 572 A.2d at 122 (footnote omitted).

Because there are important questions of law, which the local court should decide in the first instance, and because the certification process is not the appropriate vehicle for securing such a determination, this case shall be dismissed without prejudice to renew in the Superior Court of the District of Columbia.[4]

### III. CONCLUSION

Accordingly, for the reasons expressed above, it is hereby

ORDERED that this case is dismissed without prejudice to renew in the appropriate forum.

IT IS SO ORDERED.

---

4. Although it appears that this Court could have entertained plaintiff's breach of contract claim, it would be a waste of judicial resources to

---

allow parallel actions arising from the same set of circumstances to proceed in two forums.