## FRIENDSHIP HOSPITAL FOR ANIMALS, INC., Appellant,

v.

## DISTRICT OF COLUMBIA, Appellee.

### No. 95–TX–1643.

District of Columbia Court of Appeals.

Submitted April 8, 1997.

Decided May 29, 1997.

---

Barry A. Friedman, Washington, DC, was on the brief for appellant.

Charles F.C. Ruff, Corporation Counsel at the time the brief was filed, Charles L. Reischel, Deputy Corporation Counsel, Lutz Alexander Prager, Assistant Deputy Corporation Counsel, and Martin B. White, Assistant Corporation Counsel, were on the brief, for appellee.

Before WAGNER, Chief Judge, SCHWELB, Associate Judge, and PRYOR, Senior Judge.

WAGNER, Chief Judge:

Appellant, Friendship Hospital for Animals, Inc., (FHA), appeals from an order of the trial court granting the motion of appellee, the District of Columbia (District), to dismiss as untimely FHA's petition for review of the District's denial of its claim for a refund of corporate franchise taxes. The trial court's decision was premised upon the fact that FHA's claim was the subject of a deficiency assessment proceeding resolved against FHA, but from which FHA failed to take a timely appeal to the Superior Court as provided by D.C.Code § 47–1815.1 (1990). FHA argues that § 47–1815.1 provides two independent remedies which an aggrieved taxpayer can pursue either simultaneously or consecutively, and therefore, the prior determination of the deficiency claim did not preclude its refund claim from which it did note a timely appeal. We conclude that the statute, reasonably construed, does not provide for relitigation of the same claims in successive proceedings and that FHA's failure to appeal from the prior deficiency determination barred its subsequent attempt to obtain review of the same issues.

## I.

On its 1992 District of Columbia corporate franchise tax return, FHA claimed a loss for 1992 and a refund for taxes for 1989 through 1992 based on a statutory provision allowing taxpayers to carry back losses against earnings for prior years.[1] On February 24, 1994, the District issued FHA a notice of a tax deficiency for the 1992 return. The deficiency notice specified that FHA had thirty days within which to file a protest, or the deficiency in tax would become final. FHA filed a protest, and following a hearing, the District issued a final administrative determination on June 14, 1994 in which the District rejected FHA's claim for adjustment for the years 1989, 1990, 1991 and 1992. In that same communication, the District notified FHA that it would receive a reduced refund for tax year 1992, and it enclosed information related to its appeal rights. FHA did not note an appeal from the District's determination within the six months provided in D.C.Code § 47–1815.1.

More than six months later, on January 27, 1995, FHA filed with the District a claim for a refund of franchise tax overpayments for the years 1989 through 1992 pursuant to D.C.Code § 47–1812.11, which covers overpayments of taxes. There is no dispute that the basis for the claim for refund of alleged overpayments was the same net operating loss which FHA sought to carry back and which was the subject of the earlier deficiency proceeding. On April 19, 1995, the District responded by letter acknowledging receipt of FHA's tax documents in support of its refund claim and stating:

Since a final determination has been made and communicated to you [via] our letters dated February 18, 1994 and June 14, 1994, these documents are being sent to the records without further action.

On June 2, 1995, FHA filed a petition for review of the District's determination in Superior Court.

## II.

FHA argues that the trial court erred in dismissing its appeal as untimely. It contends that its petition for review of the District's rejection of its refund claim was timely under the provisions of D.C.Code § 47–1815.1. Section 47–1815.1 provides in pertinent part:

Any person aggrieved by any assessment of a deficiency in tax determined and assessed by the Mayor under the provisions of § 47–1812.5 and any person aggrieved by the denial of any claim for refund made under the provisions of § 47–1812.11, may, within 6 months from the date of the assessment of the deficiency or from the date of the denial of a claim for refund, as the case may be, appeal to the Superior Court of the District of Columbia, in the same manner and to the same extent as set forth in §§ 47–3303, 47–3304, 47–3306 to 47–3308.

FHA contends that it filed its appeal from the denial of its claim for a refund of business taxes within the six-month period prescribed by § 47–1815.1 and paid the taxes; therefore, all jurisdictional requirements have been met. *See First Interstate Credit Alliance, Inc. v. District of Columbia,* 604 A.2d 10, 11 (D.C.1992) (failure to file within the six-month statutory period or to pay the taxes, penalties, and interest due deprives the Superior Court of jurisdiction). However, FHA's refund claim had been the subject of a prior deficiency claim under § 47–1815.1 for the same taxes, and FHA failed to appeal from that ruling. Therefore, the District argues, FHA may not pursue the same claim through the refund process.

 Section 47–1815.1 provides for the right of appeal after two types of administrative determinations involving income and franchise taxes, *i.e.,* deficiency assessments and denial of claims for refunds. FHA contends that these two avenues of appeal are alternatives which can be pursued either simultaneously or consecutively. We do not read the statute that way. First, such an interpretation would mean that there would be no finality to an appeal through one procedure because the taxpayer could make the same challenge through the second. Put another way, in any deficiency assessment case, the taxpayer would not have to appeal an

---

1. The merits of FHA's underlying claim are not at issue in this appeal.

**1006**

adverse ruling to avoid its effect because the taxpayer could simply wait and test the issue again through a claim for refund. Thus, one of the proceedings under the statute would be unnecessary and superfluous. We have held previously that "[a] statute should not be construed in such a way as to render its provisions superfluous or insignificant." *Floyd E. Davis Mortgage Corp. v. District of Columbia,* 455 A.2d 910, 912 (D.C.1983) (citations omitted). Second, the language of the statute, contrary to FHA's contention, does not support the interpretation which it advances. The statute provides that the taxpayer may appeal "within 6 months from the date of the assessment of the deficiency *or* from the date of the denial of a claim for refund, *as the case may be . . . .*" D.C.Code § 47–1815.1 (emphasis added). The highlighted language suggests that only one appeal is contemplated as to any particular case. Moreover, a taxpayer against whom a deficiency is assessed properly would not be entitled to a refund.[2] Therefore, it is not reasonable to view the statute as establishing two successive remedies for determining the taxes due in the same tax return, and we decline to interpret it that way.

 Under the most reasonable interpretation of the statute, FHA did not appeal timely from the deficiency assessment. Its subsequent filing under the guise of appealing from the District's decision declining to relitigate the deficiency in a claim for refund proceeding did not extend the time for appeal of the adverse ruling on the earlier deficiency assessment. Therefore, the trial court properly dismissed its petition for review for lack of subject matter jurisdiction. *See Davis, supra,* 455 A.2d at 912.

**2.** The District points out that there may be some circumstances in which a right to a refund may follow a deficiency assessment. The District provides the following example:

The District assesses a deficiency, the taxpayer pays it, and either the District belatedly decides it made a mistake or the taxpayer files a timely appeal in Superior Court and taxpayer wins. The money paid pursuant to the deficiency assessment would then be an overpayment and the taxpayer would be entitled to a refund.

In the District's hypothetical, the parties' rights are altered by subsequent events. In FHA's case,

### III.

 FHA argues that the District's motion to dismiss was not timely filed, and therefore, it should not have been considered by the trial court. At the time relevant to these proceedings, Super. Ct. Tax R. 9(a) (1995) provided that:

Motions made with respect to the petition shall be filed with the tax division within 30 days after service upon the respondent of the petition.[3]

The Petition was served upon the District on June 2, 1995. Under the rule, the District was required to file its motion to dismiss no later than July 3, 1995.[4] The motion was filed on July 17, 1995. Unlike the District's timeliness challenge to the appeal, the time requirements of Rule 9(a) are not jurisdictional. Therefore, the trial court, in its discretion, can determine whether to entertain the motion. *See* Super. Ct. Civ. R. 6(b); Super. Ct. Tax R. 3; *see also Nguyen v. Liberty Mut. Ins. Co.,* 611 A.2d 541, 543 n. 3 (D.C.1992). We find no abuse of discretion in the trial court's ruling. Moreover, the challenge in the motion to dismiss was to the jurisdiction of the court. Jurisdictional challenges may be raised at any time. *See, e.g., Weaver v. Grafio,* 595 A.2d 983, 986 (D.C. 1991).

For the foregoing reasons, the order appealed from hereby is

*Affirmed.*

once the final determination was made that a deficiency exists, and no appeal was taken, its obligation became fixed and not appropriate for readjudication in a subsequent proceeding.

**3.** Super.Ct.Tax R. 9(a) has been amended since the District's filing of its motion. The amended Rule 9(a) states:

Motions may be filed with the Tax Division at any time up through the conclusion of the trial, unless otherwise directed by the Court.

**4.** July 2, 1995 was on a Sunday; thus, the next business day to file was July 3, 1995.